BLACK, APPELLANT, *v.* CITY OF CLEVELAND ET AL., APPELLEES.

(No. 37432—Decided July 6, 1978.)

*Mr. James R. Willis*, for appellant.
*Ms. Almeta A. Johnson*, for appellees.

PATTON, J. On September 24, 1976, the plaintiff-appellant, James Black, filed a petition and affidavit in replevin form in the Cleveland Municipal Court against the city of Cleveland; Lloyd Garey, Chief of Police; and Lieutenant Huntington, property clerk, Cleveland Police Department. The petition and affidavit alleged that the appellant is entitled to the immediate possession of the following property:

"See attached photocopy of inventory prepared by defendant at time of seizure. More specifically the following represents a partial amplification of said property: 15 pints - Ten High, 21 pints - Kesslers, 26 pints - Old Hickory, 49 pints - Wulfshmidt [*sic*] Vodka, 6 pints - Bond and Lilliard, 82 pints of Seagram Gin, 46 pints of VSQ Brandy, 14 pints - Inverhouse Scotch, 6 pints - Old Crow, 6 pints - Governors Club, 27 pints - Old Taylor, 19 pints - Mc Naughton Scotch, 48 pints - Johnny Walker Red, 48 pints - Mogan

David 2020, 51 fifths wine - various types, 46 cans Bud-weiser Beer."[1]

A summons in action in replevin was forwarded to the bailiff of the Cleveland Municipal Court and served upon the named appellees. The personal property claimed was not appraised nor taken by the deputy bailiff serving the summons. Furthermore, the appellant did not post bond or render deposit in lieu of bond. The personal property sought to be replevied therefore remained in the possession of the Cleveland Police Department.

On December 29, 1976, the matter came before the court below. Patrolman Stroud of the Cleveland Police Department, assigned to the property room, testified that the items at issue were entered on the property books on September 14, 1976. The officer testified that the property sought herein is no longer within the possession of the Cleveland Police Department. Patrolman Stroud testified as follows:

"Apparently, we were informed that this case was completed, your honor. If it was a mistake, or whatever I couldn't really tell. We had the property for 90 days. After 90 days, we customarily do things with it, after 90 days. We gave it away on 12-15-76, the remaining open bottles of whiskey were destroyed, by pouring them in the sink, and the rest of the bottles were taken to Holy Family Cancer Home, and this entry here I made myself, and I personally took it to the cancer home.

"Mr. Willis: What was the date of that entry?

"Mr. Stroud: 12-15-76, was the day.

"Mr. Friedrich: In the property room, there is none of the property that was confiscated from Mr. Black?

---

[1] Attached to the petition and affidavit in replevin is a Cleveland Police Department's "Prisoner's Receipt for Property Held in Evidence" form, signed by appellant, and dated September 12, 1976. The receipt stated that cash property of $413.80 and personal property of 92 pints of wine, 51 fifths of wine, 120 pints of liquor, 49 pints of gin, 29 pints of vodka, and 46 cans of Budweiser beer, were taken from the appellant on September 12, 1976, the day of his arrest.

The record before this court does not further disclose the crime for which appellant was arrested nor the resulting action taken.

"Mr. Stroud: No."

The witness admitted knowing personally of the replevin action and testified that he nonetheless disposed of the property on the word of the original arresting officers who had informed him "that the Replevin Action was heard and that it was ordered, not to be returned." The arresting officers did not testify.

Based solely on the testimony of Patrolman Stroud, the city prosecutor orally moved that the action be dismissed on the ground that the property sought is no longer within the possession of the police department. Appellant's counsel argued that, under these facts, the city of Cleveland should be liable in money damages if they fail to produce the personal property sought to be replevied. The court set forth its position as follows:

"* * * a Replevin is a separate action, to recover property. Since the property has been disposed of by the City of Cleveland, there is nothing that I can order to be returned to Mr. Black, therefore I must refuse your Replevin Action, your Replevin is denied."[2]

From this dismissal, appellant appeals and assigns the following as error:

"The trial court erred in dismissing the appellant's replevin action prior to the appellant's presentation of his case."

The appellant seeks to have this court reverse the order of dismissal and remand this cause for a trial on the merits of the replevin petition. We so order.

In Ohio, the recovery of possession of personal property may be recovered in an action commenced pursuant to R. C. Chapter 2737 of the Revised Code.[3] Ordinarily, a writ of replevin requires that a sheriff, upon an order of property pursuant to R. C. 2737.02 and 2737.03, take actual

---

[2]The following judgment entry was prepared and journalized on December 29, 1976:

"Case called parties in court hearing had, court finds property disposed of by city case moot, case dismissed at plaintiffs costs."

[3]For a history and development of the statutory remedy of replevin in Ohio, see Comment, 7 U. Tol. L. Rev. 517, 526-544 (1976).

physical possession of the property ordered replevied. *See State* v. *Local Union 5760, United Steelworkers of America* (1961), 172 Ohio St. 75, 86-87. In the instant case, the clerk of the court below did not issue the order for the delivery of personal property to the sheriff as provided for by R. C. 2737.03. The personal property at issue, therefore, not being taken by the sheriff remained in the possession of the appellees. Furthermore, as previously noted, the appellant made no attempt to post bond or deposit in lieu of bond. R. C. 2737.07. Accordingly, this case falls squarely within the reach of R. C. 2737.20.

R. C. 2737.20 states:

"When the personal property claimed in an action under sections 2737.01 to 2737.24, inclusive, of the Revised Code, *is not taken* or is returned to the defendant by the sheriff for want of the bond required of the plaintiff, *the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are proper.* If the property is returned for want of the bond, the plaintiff shall pay all costs made by taking it." (Emphasis supplied.)[4]

This section provides in clear terms that when the property is not taken from the defendant, the action may proceed as one for damages only. It was error, therefore, for the trial court to dismiss the petition as moot.

Another reason exists for the decision reached herein. An action in replevin is founded upon an unlawful detention, regardless of whether an unlawful taking has occurred. The action "is strictly a possessory action, and it lies only in behalf of one entitled to possession against one having, at the time the suit is begun, actual or constructive possession and control of the property." J. E. Cobbey, Replevin, Section 64 (2d ed. 1900). It has been held, however, that replevin will lie even though the defendant did not have actual possession of the property

---

[4]Formerly G. C. 12070, and prior to that R. S. 5827, and 186 of the Code. For earlier cases construing former versions of R. C. 2737.20, see *Burr, et al.* v. *American Incubators, Inc.* (1933), 45 Ohio App. 383; *Tischler* v. *Seeley,* 12 C. D. 750, 14 C. C. (N. S.) 236, affirmed without opinion, 60 Ohio St. 629 (1899); *Simper* v. *Bentley* (1898), 8 C. D. 356, 15 C. C. 515; *Pugh* v. *Calloway* (1860), 10 Ohio St. 488.

at the commencement of the action, where the defendant sold the property just prior to the actual filing of the action and the plaintiff was without knowledge of that fact. *Tischler* v. *Seeley*, 12 C. D. 750, 14 C. C. (N. S.) 236, affirmed without opinion, 60 Ohio St. 629 (1899); *see also Helman* v. *Withers* (1892), 3 Ind. App. 532, 30 N. E. 5.

In the instant appeal, the property sought by appellant was in the possession of the Cleveland Police Department at the time the action was commenced. Only thereafter, with full knowledge that an action in replevin had been commenced, did the department, through Officer Stroud, dispose of the property. Appellee cannot be permitted to evade the responsibility of responding to appellant's petition by simply answering "we gave it away on 12-15-76."

"[T]here are many holdings to the effect that the replevin action is maintainable where the defendant's transfer of possession was wrongful, particularly where it was made for the purpose of evading the action, and it has been held that a transfer of possession by the defendant may be legally wrongful, notwithstanding that he acts in good faith and without any wrongful intent. In defense of the rule it has been pointed out that permitting the defendant to set up as a defense to the action the fact that he has parted with the possession of the property, when this was done wrongfully, would be allowing him to take advantage of his own wrong. It would enable one who had wrongfully taken or detained property from the owner to refuse to deliver, and hold to the last moment before the writ, and then evade a suit by a transfer of possession. His successor might do the same; and his after him; and so on, until the cost of successive writs would exceed the value of the property." 66 American Jurisprudence, Replevin, Section 27. (Footnotes omitted.)

The judgment of the Cleveland Municipal Court is reversed and the case remanded for further proceedings consistent with this opinion.

*Judgment reversed.*

CORRIGAN, C. J., and JACKSON, J., concur.