JEDLICKA ET AL., APPELLEES, *v.* GOOD MECHANICAL AUTO CO., D.B.A. AKRON MEDINA TOWING SERVICE, APPELLANT.

(No. 45910—Decided July 9, 1984.)

*Nicholas Bucur,* for appellees.
*Robert W. Boughton,* for appellant.

O'NEILL, P.J. This action originated in the trial court when plaintiffs-appellees filed and served a complaint captioned as "Replevin for money and relief."

The complaint alleged that appellant, Good Mechanical Auto Co., d.b.a. Akron Medina Towing Service, had taken, wrongfully, possession of a snowsweeper trolley owned by appellee, Ronald Jedlicka. Restoration of possession was prayed for. In the alternative, the complaint prayed for compensatory and punitive damages.

On July 28, 1982, a jury returned a verdict in the amount of $14,168. On July 29, 1982, the court ordered appellant to allow appellee to retake possession of the sweeper. Timely appeal was filed.

In spite of the allegations raised in the complaint, before closing argument, the court made the following statement to the jury:

"There is apparently no question with regards to the ownership of the property here. The parties have stipulated, indeed, that the plaintiffs historical society or the plaintiff himself accumulative, is the owner of the vehicle. That is under the question of replevin to return it which was part of the prayer here, and it is really not up for you to determine whether or not it would be returned to the party. *It is just a matter of damages on both sides.*" (Emphasis added.)

There was no objection raised as to this statement.

It is obvious that pursuant to R.C. Chapter 2737, the court allowed the action to be submitted as one for damages only.

The appellee testified that he was the owner of the sweeper. It was located in a farmfield at Homerville, Ohio. The appellee and others were in the process of restoring it until March 1980. At that time, it was decided that the unit should be moved to a barn at Buckeye Lake, Ohio "for final restoration work." Appellee testified that he and an agent for

appellant struck an agreement for the transportation of the sweeper. The agent informed appellee that the unit would be stored for a few days until the appellant had a truck returning to the Buckeye Lake area. The unit was moved to appellant's facility in Medina, Ohio, in March 1980. The unit was to remain at Medina until appellant had a return haul from the Buckeye Lake area. As to this point, there was a conflict in testimony. Appellee testified that a destination, cost of haul and approximate date of transit had been established. An agent for appellant testified that a point of delivery had never been established. This same witness testified that a cost of hauling, two hundred fifty dollars, had been quoted regardless of destination. The jury could reasonably conclude that a destination and price had been established.

The car remained in appellant's possession.

On March 20, 1982, the appellee filed his complaint for replevin, money and other relief. In addition to replevin, the complaint prayed for compensatory and punitive damages. At the close of all of the evidence, the court ruled that since there had been no evidence of malice, there would be no jury instruction as to punitive damages. The cause was submitted only on the issue of damages.

The appellant has raised six assignments of error. The first four assignments of error are treated collectively and read as follows:

"1. The trial court committed error prejudicial to appellant in failing to grant appellant's motions at the close of plaintiff's [sic] case and at the close of all the evidence.

"2. That the trial court committed error prejudicial to appellant in failing to grant defendant's motion for judgment notwithstanding the verdict and/or in the alternative to grant it a new trial on the grounds set forth therein.

"3. That the trial court committed error prejudicial to the appellant in its charge to the jury.

"4. That the trial court committed error prejudicial to the appellant in allowing and permitting plaintiff's [sic] counsel on direct examination of plaintiff to interrogate over defendant's objection about the cost of repair and allowing the exhibit from which he testified to be admitted into evidence."

At the close of plaintiffs' case, the court questioned defense counsel, "You have a motion for dismissal?" Counsel responded, "Yes" and the court overruled the motion. At the close of all of the evidence defense counsel stated, "I rest, and renew the motion that I made at the end of plaintiffs' case." This motion was overruled. A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence (Civ. R. 50[A]). However, the motion must "state the specific grounds therefor" (Civ. R. 50[A][3]). The movant assigned no specific grounds for its motion.

In considering a motion for a directed verdict in a jury trial the trial court must construe the evidence most strongly in favor of plaintiff. Civ. R. 50(A). This requires that all reasonable inferences favoring plaintiffs' position be made even though there may be other reasonable inferences not favoring plaintiffs' position. The trial court directed a verdict relative to punitive damages. Subject to the motions were the issues of replevin and of compensatory damages. Initially, appellant argues that since the trolley car was not taken by the sheriff, the action could proceed as one for damages only. In support thereof, appellant relies on the case of *Black* v. *Cleveland* (1978), 58 Ohio App. 2d 29 [12 O.O.3d 36], paragraph one of the syllabus, which reads:

"Where personal property sought to be replevied, pursuant to R.C. Chapter

2737, is not taken by the sheriff, the action may proceed as one for damages only and, if successful, the plaintiff shall be entitled to such damages as are proper."

*Black* v. *Cleveland* dealt with a replevin action where the property was not returned to the plaintiff prior to trial. The *Black* court referred to R.C. 2737.20 and stated at 32:

" 'When the personal property claimed in an action under sections 2737.01 to 2737.24, inclusive, of the Revised Code, *is not taken* or is returned to the defendant by the sheriff for want of the bond required of the plaintiff, *the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are proper.* If the property is returned for want of the bond, the plaintiff shall pay all costs made by taking it.' (Emphasis supplied.)"

The court ruled that "[t]his section provides in clear terms that when the property is not taken from the defendant, the action may proceed as one for damages only." *Id.* The appellant reads the word "only" as being the sole and exclusive remedy available. We do not agree; the word "may" gives the plaintiffs an option.

We have reviewed all of the evidence presented and, when tested by applicable replevin statutes and authorities, we conclude that the trial court did not err in denying appellant's motions for directed verdicts and judgment n.o.v. and alternative new trial.

At the outset R.C. 2737.01 states:

"The possession of specific personal property may be recovered in an action as provided in sections 2737.01 to 2737.24, inclusive, of the Revised Code."

In this regard, 18 Ohio Jurisprudence 3d (1980) 536-537, Conversion and Replevin, Section 66, states:

"Replevin is a remedy and a civil action by which the owner or one who has a general or special interest in specific and identifiable personal property and the right to its immediate possession seeks to recover the possession of such property in specie, the recovery of damages, if it is sought, being only incidental.

"* * *

"The primary relief sought in an action of replevin is the return of the property in specie, and replevin is accordingly regarded basically as a possessory action which may be brought by anyone who owns or has an interest in chattels and is entitled to their possession as against anyone who wrongfully detains such possession, regardless of who that person may be. Damages are merely incidental where the property is delivered to the person rightfully entitled to it, and in such cases replevin is partly an action in rem, to regain possession of the goods and chattels, and partly an action in personam, to recover damages for the detention. In some cases, where the property by virtue of its perishable nature or for some other reason is sold, the action proceeds as one for damages; and also, by statute, the person in whose favor the action terminates may elect to take the property or the value thereof."

Assignments of error number one and two are overruled.

Assignment of error number three complains that the trial court erred in its charge. We do not find that appellant raised any objection prior to or after instructions.

"A party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires * * *." Civ. R. 51(A).

Assignment of error number four complains that the trial court committed error prejudicial to the appellant in allowing and permitting plaintiffs' counsel on direct examination of appellee to interrogate him over defendant's objection about the cost of repair and allowing the exhibit from which he testified to be admitted into evidence.

Appellee testified as to the cost of repairs and in so doing referred to plaintiffs' exhibit 10. There was no objection to the testimony nor to admission of the exhibit. If the testimony and exhibit were objectionable, preservation of error calls for an objection at the first instance. A failure thereof bars such issue from review.

After the verdict was returned, the court ordered appellant to allow appellee to take possession of the trolley. In its fifth assignment of error appellant argues that this was error since appellee had been awarded damages for the conversion. We do not agree. An action in replevin is founded upon an unlawful detention, regardless of whether an unlawful taking has occurred. *Black* v. *Cleveland, supra,* at 32. Damages may be recovered along with the repossession of the personal property. In such a case, replevin is partly an action *in rem* and partly an action *in personam.* 18 Ohio Jurisprudence 3d, *supra,* at Section 66.

As a part of its answer, the appellant filed a counterclaim for storage in the sum of $4,250. The jury was instructed on the cause. Three verdict forms were given to the panel. One was for the plaintiffs, one was for the defendant, and one was for the defendant on its counterclaim. The jury returned a verdict for the plaintiffs signed by all of the members. The other two verdict forms were returned, but were blank. In its assignment of error number six, the appellant states that "the court read the verdict form finding for plaintiff[s] and indicated that it found for plaintiff[s] on defendant's counterclaim." We do not find in the record any transcript of proceedings relating to the return of the verdict. The appellant goes on to state that the court put on a separate order finding for plaintiffs on defendant's counterclaim. It is clear that the jury had before it a verdict form whereby a verdict for the defendant on its counterclaim could have been returned. This form was returned blank, an obvious finding against the defendant. The trial court was justified in finding a certainty in the verdict.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING and CHRISTIANSEN, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, DAHLING, J., of the Eleventh Appellate District, and CHRISTIANSEN, J., of the Court of Common Pleas of Richland County, sitting by assignment in the Eighth Appellate District.