**ROBOTIC VISION SYSTEMS,
INC., Plaintiff,**

v.

**CYBO SYSTEMS, INC., a/k/a Cybot
Systems, Inc., Defendant.**

No. CV 92–5012 (ADS).

United States District Court,
E.D. New York.

Oct. 11, 1993.

Parker Duryee Rosoff & Haft, New York City, for plaintiff (Martin Stein and Karen H. Bromberg, of counsel).

Werner & Kennedy, New York City (Larry P. Schiffer, of counsel) and Carlile Patchen & Murphy, Columbus, OH (Alan F. Berliner, of counsel), for defendant.

### MEMORANDUM AND ORDER

SPATT, District Judge.

By Decision and Order dated March 20, 1993, the Court granted the motion by plaintiff Robotic to dismiss counts I, III and IV of the defendant's answer and counterclaims for failure to satisfy the particularity requirement set forth in Fed.R.Civ.P. 9(b). On April 23, 1993, the defendant Cybo Systems, Inc. filed an amended answer and counterclaims. The plaintiff now moves to dismiss counts VIII (replevin) and IX (conversion) of the amended answer and counterclaims, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that these two counts fail to state a claim upon which relief may be granted.

### I.

■ The parties are directed to the lengthy summary of this litigation provided in the Court's March 20, 1993 Decision and Order which will not be repeated here. This action was brought by the plaintiff Robotic Vision Systems ("Robotic") against the defendant Cybo Systems ("Cybo") based upon an alleged breach of an "Asset Purchase Agreement" which the parties entered into on September 30, 1990.

The amended counterclaims at issue read as follows:

### COUNT VII

#### (REPLEVIN)

114. Counterclaimant CYBO incorporates by reference the preceding allegations in paragraphs 1 through 113 as if fully rewritten herein.

115. RVSI is required to deliver to CYBO all the assets including equipment, software, engineering, documentation, technology, training and other assets not previously delivered as required by the Agreement.

116. CYBO is entitled to an order of replevin for the delivery of said assets.

### COUNT IX

#### (CONVERSION)

117. Counterclaimant CYBO incorporates by reference the preceding allegations in paragraphs 1 through 116 above as if fully rewritten herein.

118. Counterclaim defendant RVSI has converted to its own use assets of CYBO which RVSI was required to deliver under the Agreement.

119. CYBO is entitled to damages for RVSI's conversion of CYBO's property.

In support of the motion to dismiss these two counterclaims, the plaintiff Robotic contends that the defendant has stated nothing more than a common law claim for breach of contract. Robotic maintains that it is well-settled law that an action for conversion and replevin cannot be predicated upon a mere breach of contractual obligation. In addition, the plaintiff alleges that the defendant Cybo has failed to show that it ever had title to the goods which it seeks to replevy. According to Robotic,

"... defendant in this case never was the owner of the equipment to which it seeks replevy simply because it alleges that Robotic breached it contract to deliver such goods. Since defendant cannot establish that it ever had title to the Robotic's [sic] equipment it cannot demonstrate that it has a superior right to possession thereof. Accordingly, defendant has failed to plead the essential elements of a claim for re-

plevin" (Plaintiff's Memorandum of Law, at p. 7).

The defendant Cybo states that it seeks, under the counterclaim for replevin, the return of all the specific assets including equipment, software, engineering, documentation, technology and other assets which the plaintiff has unlawfully detained. In the count for conversion, Cybo seeks damages for the plaintiff's wrongful exercise of dominion over the assets, including utilizing the assets for its own business purposes.

In contrast to the plaintiff, Cybo claims that this dispute is governed by Ohio law based upon paragraph 10.5 of the Asset Purchase Agreement. According to the defendant, Ohio law does not place the same restrictions on replevin and conversion claims as the plaintiff contends New York law imposes. In fact, replevin is regarded in Ohio as "a possessory action which may be brought by anyone who owns *or* has an interest in chattels and is entitled to their possession as against anyone who wrongfully detains such possession" (Defendant's Memorandum of Law, at p. 3, citing *Jedlicka v. Good Mechanical Auto Co.*, 21 Ohio App.3d 19, 486 N.E.2d 121, 123 [1984]).

With regard to the conversion claim, Cybo argues that the plaintiff has converted Cybo's assets for its own use. According to the defendant, the long standing rule in Ohio is that a conversion is any exercise of dominion or control wrongfully exerted over the personal property of another inconsistent with the other's rights (*see Zacchini v. Scripps–Howard Broadcasting Co.*, 47 Ohio St.2d 224, 351 N.E.2d 454 [1976]). In further support, counsel relies upon a Sixth Circuit case in which the defendant was found liable for conversion under Ohio law based on a breach of a contractual obligation (*see Bucyrus–Erie Co. v. General Products*, 643 F.2d 413 [6th Cir.1981]). With regard to the facts of *Bucyrus–Erie*, the defendant notes the following:

"[t]he plaintiff ... sold heavy construction machinery to the defendant. Pursuant to the contract, the defendant was required to pay the plaintiff in full within (15) days from the sale of the machines. During the period between the sale and payment to the plaintiffs, the contract required the defendant to hold the money in trust. However, the defendant, in violation of the contract, deposited the money into its own accounts to pay other corporate obligations. The Court held that the defendants act of exercising dominion and control over the funds which properly belonged to the plaintiff constituted a conversion as a matter of law" (citing *Bucyrus–Erie* at p. 419).

Cybo therefore asserts that Robotic's wrongful exertion of control over Cybo's property constitutes a conversion.

The defendant also argues that its claims are equally valid under New York law, since an action in replevin can be maintained in New York against anyone who has wrongfully taken or is unlawfully detaining the personal property of another (*see Clark v. City of New York*, 98 Misc.2d 660, 414 N.Y.S.2d 481, 482 [N.Y.Civ.Ct.1979]). This is true when the "goods" are unique, not fungible, as the engineering technology at issue is in this case according to Cybo.

The plaintiff counters that even if Ohio law governs these issues, the defendant has still failed to state a claim upon which relief can be granted. However, Robotic maintains that New York law applies because the claims for conversion and replevin do not arise under the "Agreement" since they are based not in contract, but in common law tort. In addition, the plaintiff argues that *Bucyrus–Erie* did not involve both claims for conversion and breach of contract, but rather fraud, conversion, and reckless mismanagement of certain funds which were to be held in escrow. The plaintiff contends that there was no dispute in *Bucyrus–Erie* that the property in question belonged to the plaintiff or should have been kept for the plaintiff's benefit. In contrast, counsel asserts that there is a sharp dispute in this case as to which party has the right to the equipment in question.

**II.**

On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it

appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' " (*Goldman v. Belden,* 754 F.2d 1059, 1065 [2d Cir.1985] [quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 [1957]]; *see also Branum v. Clark,* 927 F.2d 698 [2d Cir.1991]). In addition, such a motion is addressed solely to the face of a pleading, and "[t]he court's function ... is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient" (*Goldman v. Belden, supra,* at p. 1067).

In assessing the sufficiency of a pleading on a motion to dismiss, it is well settled that "all factual allegations in the complaint must be taken as true" (*La Bounty v. Adler,* 933 F.2d 121, 123 [2d Cir.1991]; *see also Branum v. Clark, supra; Procter & Gamble Co. v. Big Apple Industrial Bldgs., Inc.,* 879 F.2d 10, 14 [2d Cir.1989], *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 [1990]; *Cruz v. Robert Abbey, Inc.,* 778 F.Supp. 605, 607 [E.D.N.Y.1991]), and all reasonable inferences must be construed in favor of the plaintiff (*see Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 [1974]; *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 [2d Cir.1988], *cert. denied sub nom. Soifer v. Bankers Trust Co.,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 [1989]; *see also La Bounty v. Adler, supra*). A motion to dismiss is addressed solely to the face of the pleading, and "[t]he court's function ... is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient" (*Goldman v. Belden, supra,* 754 F.2d at p. 1067).

The Court is also mindful that under the modern rules of pleading, the plaintiff need only aver "a short and plain statement showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8[a][2]), and that "[a]ll pleadings shall be so construed as to do substantial justice" (Fed.R.Civ.P. 8[f]).

### III.

■ The plaintiff correctly states that under New York law, a claim of conversion cannot be predicated on a mere breach of contract (*see Fraser v. Doubleday & Company, Inc.,* 587 F.Supp. 1284, 1288 [S.D.N.Y. 1984]). "An action for conversion can not be validly maintained where damages are merely being sought for breach of contract" (*Peters Griffin Woodward, Inc. v. WCSC, Inc.,* 88 A.D.2d 883, 452 N.Y.S.2d 599, 600 [1st Dept.1982]; *see Wexselblatt v. Bank of Boston International,* 666 F.Supp. 513 [S.D.N.Y. 1987]; *Hutchings v. Torrey,* 203 Misc. 1038, 119 N.Y.S.2d 119, 121–122 [Sup.Ct.1953]). Therefore, the breach of contract must result in a "wrong" that is separately actionable (*see Olmeca, S.A. v. Manufacturers Hanover Trust Co.,* 629 F.Supp. 214, 223 [S.D.N.Y. 1985]).

■ However, where the wrong is separately actionable, claims for breach of contract and replevin or conversion will lie (*see Bendat v. Premier Broadcast Group, Inc.,* 175 A.D.2d 536, 572 N.Y.S.2d 796 [3d Dept. 1991] [permitting plaintiff purchaser of radio station to sue for both breach of contract and replevin against seller]; *Marvel Entertainment Group, Inc. v. Elliott,* 169 A.D.2d 473, 564 N.Y.S.2d 720 [1st Dept.1991] [permitting publisher to maintain suit against researcher for breach of contract and to replevy research materials]; *Feigen v. Advance Capital Management Corp.,* 146 A.D.2d 556, 536 N.Y.S.2d 786 [1st Dept.1989] [plaintiff would be permitted to plead additional causes of action for conversion and replevin where allegations assert "more than a mere claim for breach of contract]; *see also Roach v. Curtis,* 191 N.Y. 387, 84 N.E. 283 [1908] [judgment in replevin did not preclude breach of contract claim]; *Word Management Cor. v. AT & T Information Systems, Inc.,* 135 A.D.2d 317, 525 N.Y.S.2d 433 [3d Dept.1988] [plaintiff entitled to maintain action for breach of contract and replevin]; *Appliance Buyers Credit Corp. v. Kramsdorf,* 38 Misc.2d 951, 237 N.Y.S.2d 985 [1st Dept.App.Term 1963] [seller who sued for purchase price under contract was not precluded from subsequently bringing action for replevin and damages for unlawful withholding]).

Looking to the amended counterclaims set forth in counts VIII and IX, the Court finds that the allegations meet the requirements of Fed.R.Civ.P. 8 in that they aver "a short and

plain statement showing that the pleader is entitled to relief." Whether these counter-claims assert wrongs which are separately actionable is a mixed question of law and fact at this juncture. These issues may eventual-ly be resolved in a more appropriate fashion upon a summary judgment motion. Howev-er, the Court further notes that the plaintiff had ample opportunity to move to dismiss these counts when it previously moved to dismiss counts I, III and IV of the original answer and counterclaims. Such piecemeal motion practice does not assist the litigants in arriving at a just and timely resolution of this action.

## IV.

In light of the foregoing, the plaintiff's motion to dismiss counts VIII and IX of the amended answer and counterclaims, pursu-ant to Fed.R.Civ.P. 12(b)(6), is denied.

**SO ORDERED.**