[Cite as *Lacy v. State*, 2020-Ohio-3089.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| JAVONTE LACY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-A-0091** |
| STATE OF OHIO, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CV 0092.

Judgment: Affirmed.

*Javonte Lacy*, pro se, A704-102, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, Ohio 44030 (Plaintiff-Appellant).

*Cecilia M. Cooper*, Ashtabula County Prosecutor, and *Catherine R. Colgan*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, Ohio 44047 (For Defendant-Appellee, State of Ohio).

*J. Jeffrey Holland*, Holland and Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, Ohio 44274 (For Defendant-Appellee, Animal Protective League).

MARY JANE TRAPP, J.

{¶1} Appellant, Javonte Lacy ("Mr. Lacy"), appeals the judgments of the Ashtabula County Court of Common Pleas granting the motion to dismiss of appellee, the state of Ohio (the "state"), granting the motion for summary judgment and motion for default judgment of appellee, Animal Protective League (the "APL"), and affirming and

adopting the magistrate's decision awarding damages to the APL on its counterclaim in the amount of $875.

{¶2} This case involves Mr. Lacy's complaint for replevin and conversion against the state and the APL regarding his dogs that the Ashtabula County Dog Warden seized from him and placed at the APL's shelter.

{¶3} Mr. Lacy raises three assignments of error on appeal. Mr. Lacy first argues that the trial court erred by granting the state's motion to dismiss because he stated claims against the state for which relief can be granted. Second, he argues the trial court erred by granting the APL's motion for summary judgment and motion for default judgment on its counterclaim, alleging the APL did not properly serve him with its counterclaim. Finally, Mr. Lacy argues that the trial court erred by awarding the APL damages on its counterclaim in the amount of $875.

{¶4} Upon a careful review of the record and the pertinent law, we find as follows:

{¶5} (1) Although the trial court effectively granted summary judgment to the state by considering evidence outside the complaint, Mr. Lacy had a reasonable opportunity to present opposing evidence. In addition, the trial court's effective grant of summary judgment was appropriate under Civ.R. 56.

{¶6} (2) The trial court did not grant summary judgment to the APL on the basis that Mr. Lacy failed to respond to the APL's counterclaim.

{¶7} (3) The trial court did not abuse its discretion in granting default judgment to the APL on its counterclaim. The record does not support Mr. Lacy's assertion that the APL did not properly serve him with its counterclaim. The APL served Mr. Lacy at the address listed in his complaint, and Mr. Lacy failed to timely file a notice of change of

2

address.  Further, Mr. Lacy failed to present sufficient evidence of failure of service prior to the trial court's entry granting default judgment.

{¶8}   (4) Mr. Lacy has not established a clear error of law or other defect on the face of the magistrate's decision awarding damages to the APL.

{¶9}   Thus, we affirm the judgment of the Ashtabula County Court of Common Pleas.

## Substantive and Procedural History

{¶10}  In February 2018, Mr. Lacy, proceeding pro se, filed a "complaint for replevin" in the Ashtabula County Court of Common Pleas listing the state and the APL as "Defendant."  In his "First Cause of Action," Mr. Lacy alleged that (1) he owned property consisting of six wolf hybrids and two American bullies, (2) the state and the APL took possession of the property on March 28, (3) the "Ashtabula Dog Warden" seized the dogs without notice, (4) the property is worth about $10,200, and (5) the property is in the actual possession of the state and the APL and is located at 5970 Green Road, Ashtabula, Ohio.

{¶11}  In his "Second Cause of Action," Mr. Lacy alleged that the state and the APL wrongfully exerted control of and converted his property.  In his "Prayer for Relief," Mr. Lacy requested that the court (1) find he is the owner of the property, (2) order the state and the APL to return the property to him, (3) order the state and the APL to pay $10,200 for the conversion of the property if it cannot be returned, (4) grant him costs, and (5) grant any other relief that may be just or equitable.

{¶12}  In his complaint, Mr. Lacy listed his address as 5916 Ogden Avenue in Ashtabula, Ohio.

3

{¶13} At the bottom of the second page of his complaint, Mr. Lacy referenced the court's dismissal of case no. 2017 CR 00161 and attached a copy of the judgment entry. He also attached a page from an unidentified publication involving "animal possession after seizure" pursuant to R.C. 959.132.

{¶14} The state appeared by counsel and filed an answer denying Mr. Lacy's allegations and asserting affirmative defenses. The state alleged that (1) the Ashtabula County dog warden seized Mr. Lacy's animals pursuant to R.C. Chapter 955, (2) Mr. Lacy failed to seek redemption within the three-day period provided by R.C. 955.15, and (3) the animals became the property of the APL pursuant to R.C. 955.16 and the APL's agreement with Ashtabula County.

{¶15} The APL appeared by counsel and filed an answer denying Mr. Lacy's allegations and asserting affirmative defenses. It also filed a counterclaim against Mr. Lacy seeking damages of $22,455 for providing food, board, and care to seven dogs and/or dog-wolf hybrids, plus veterinary and other extraordinary expenses, costs, reasonably attorney fees, and all other relief to which it is entitled. It alleged that the animals were since transferred to third party animal rescue organizations.

{¶16} Along with its answer and counterclaim, the APL submitted interrogatories, requests for production of documents, and requests for admission to Mr. Lacy. The certificates of service on the APL's filings indicate the APL mailed them to Mr. Lacy at the Ogden Avenue address listed in his complaint.

{¶17} The APL subsequently filed a notice stating that its requests for admission to Mr. Lacy were deemed admitted as a result of his failure to respond. It also filed a

4

motion to compel Mr. Lacy to respond to its interrogatories and request for production of documents.

{¶18} The trial court issued a scheduling order that set deadlines for discovery and dispositive motions and referred the matter to mediation.

{¶19} In June 2018, the APL filed a motion for summary judgment on Mr. Lacy's claims and on its counterclaim. The APL contended that (1) the Ashtabula County dog warden removed Mr. Lacy's animals; (2) the APL merely provided care for the animals while they were at the APL's shelter; and (3) after Mr. Lacy failed to claim his animals or make arrangements for the animals' care, the APL transferred ownership of them to other third-party animal welfare organizations.

{¶20} As to Mr. Lacy's claim for replevin, the APL argued that Mr. Lacy could only prevail if there had been a pretrial order of possession or if the respondent continued to possess the property. Since Mr. Lacy did not seek an order for pretrial possession and the animals are no longer in the APL's possession, the APL argued that Mr. Lacy could not prevail.

{¶21} As to Mr. Lacy's claim for conversion, the APL argued that it did not commit a positive, tortious act by accepting animals from a law enforcement officer.

{¶22} As to its counterclaim, the APL argued that it met the elements of unjust enrichment or quantum meruit because it provided food, board, and care to Mr. Lacy's animals and relieved him of the burden of doing so.

{¶23} In support of its motion, the APL relied on the statements in its requests for admission that it asserted were deemed admitted by operation of law and an affidavit from Diane Brunell ("Ms. Brunell"), who is a member of the APL's board of directors.

5

{¶24} In July 2018, Mr. Lacy filed a notice of change of address indicating that his new address was the Lake Erie Correctional Institution ("LECI").

{¶25} In August 2018, Lacy filed a document entitled "Plaintiff's Response to the Answer of the State of Ohio." Despite its title, this filing addressed the APL's motion for summary judgment. Mr. Lacy contended that he was not properly served with the APL's discovery requests because the APL sent it to his home address rather than his prison address. He requested that the trial court deny the APL's motion for summary judgment and allow the case to proceed on its merits.

{¶26} The APL filed a response contending that it served Mr. Lacy at the address listed in his complaint until he began using a different address in his signature block, at which time it began directing all filings to both addresses.

{¶27} Also in August 2018, the APL filed a motion for default judgment on its counterclaim as a result of Mr. Lacy's failure to file an answer. Mr. Lacy filed a response to the APL's motion for default judgment, contending that he was incarcerated on January 8, 2018 pursuant to an unrelated criminal case and that the APL incorrectly served its counterclaim at his home address. Mr. Lacy also filed a motion for an extension of time to submit discovery responses to the APL, stating that he only recently received them.

{¶28} The APL filed a response opposing Mr. Lacy's motion for an extension, disputing Mr. Lacy's claim that the APL served him at the wrong address.

{¶29} Also in August 2018, the state filed a motion to dismiss itself as a party to Mr. Lacy's complaint pursuant to Civ.R. 12(B)(2) and (6). The state contended that it never possessed Mr. Lacy's animals and that the county dog warden, a governmental agency unrelated to the state, removed the animals. In support of these assertions, the

6

state referenced the affidavit from Ms. Brunell that the APL had attached to its motion for summary judgment.

{¶30} The state further contended that its only knowledge regarding the animals was in relation to evidence presented in two criminal prosecutions that were dismissed. The state argued that dismissal was warranted because Mr. Lacy failed to state a claim upon which relief can be granted and because the trial court lacked jurisdiction of the person.

{¶31} Mr. Lacy filed a response to the state's motion to dismiss. Mr. Lacy argued that the state should remain a party defendant because it prosecuted him in the criminal cases involving his animals, which were subsequently dismissed, and because of its "coordination" of the dog warden's removal of his animals.

{¶32} In December 2018, the magistrate held a telephone status conference. In his subsequent order, the magistrate informed the parties that motions must include certificates of service and comply with the rules of civil procedure and the court's local rules and that motions not in compliance may be stricken.

{¶33} In January 2019, the trial court issued a judgment entry granting the state's motion to dismiss for Mr. Lacy's failure to state a claim upon which relief can be granted. The trial court found that the state's only involvement with Mr. Lacy was his criminal prosecution and that there was nothing before it indicating Mr. Lacy's property is or was in the state's possession. Mr. Lacy filed a notice of appeal, which we dismissed for lack of a final appealable order in *Lacy v. State*, 11th Dist. Ashtabula Nos. 2019-A-0030 & 2019-A-0046, 2019-Ohio-2973 ("*Lacy I*").

{¶34} In February 2019, the magistrate held a telephonic pretrial conference. In his subsequent order, he scheduled a non-oral default hearing for later in the month. Following the non-oral default hearing, the magistrate granted Mr. Lacy leave to file an answer to the APL's counterclaim.

{¶35} In March 2019, Mr. Lacy filed a purported answer to the APL's counterclaim, although it consisted of argument in support of his claims instead of specific responses to the allegations in the APL's counterclaim. The APL filed a motion to strike Mr. Lacy's filing and renewed its motions for default judgment and summary judgment. Mr. Lacy filed a response and a motion for an extension of time to file an amended answer.

{¶36} In April 2019, the trial court issued a judgment entry striking Mr. Lacy's purported answer as non-responsive, granting the APL's motion for default on its counterclaim, and granting summary judgment to the APL on Mr. Lacy's claims. The trial court found that Mr. Lacy could not maintain a replevin action because it is undisputed that the APL did not seize his animals and that the animals are no longer in its possession. The trial court scheduled a hearing on the APL's damages and its request for attorney fees.

{¶37} Later in April 2019, the magistrate held a hearing on damages and attorney fees. Although a transcript of the hearing has been provided to this court for purposes of appeal, it was not previously filed in the trial court.

{¶38} Mr. Lacy filed a motion for reconsideration of the trial court's April 2019 judgment entry, which the trial court denied. Mr. Lacy filed a notice of appeal of the trial court's April 2019 judgment entry, which we also dismissed in *Lacy I* for lack of a final appealable order.

8

{¶39} In June 2019, the magistrate issued a decision regarding the damages hearing. The magistrate found that (1) the APL had a duty to provide food, shelter, and care to the animals regardless of how they were obtained, (2) testimony indicated that if Mr. Lacy had voluntarily surrendered the dogs, he would have had to pay the APL $25 per dog for a total of $175, and (3) although Mr. Lacy never recovered the animals, he received some benefit from the APL for its care of them. The magistrate granted damages to the APL in the amount of $175 for the surrender fee, plus $700 ($100 per dog), for a total amount of $875. The magistrate also overruled the APL's request for attorney fees, finding that the APL did not present sufficient evidence or testimony in compliance with the court's local rule.

{¶40} Both the APL and Mr. Lacy filed objections to the magistrate's decision. Neither filed a transcript of the proceedings. The APL argued that the magistrate erred in applying the law to the matters admitted by default judgment and to his findings of fact. Mr. Lacy contended that a total of ten dogs were taken from him. He also objected to the magistrate's damages award, characterizing the seizure of his animals as "illegal."

{¶41} In November 2019, the trial court issued a judgment entry affirming and adopting the magistrate's decision. The trial court noted that neither party had filed a transcript of the hearing, an affidavit of evidence, or leave to file a transcript. Therefore, it determined there was no error of law or other defect evident on the face of the magistrate's decision.

{¶42} Mr. Lacy appealed the trial court's judgment entries and raises the following three assignments of error:

9

{¶43} "[1.] The trial court abused its discretion when it granted defendant, state of Ohio's motion to dismiss the state of Ohio as a defendant.

{¶44} "[2.] The trial court abused its discretion when it granted defendant, ACAPL's motion for summary judgment and motion for default judgment on its counterclaim.

{¶45} "[3.] The trial court abused its discretion when it granted defendant, Animal Protective League's counterclaim and damages in the amount of $875.00."

## Motion to Dismiss

{¶46} In his first assignment of error, Mr. Lacy argues that the trial court erred in granting the state's motion to dismiss.

### *Standard of Review*

{¶47} An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo. *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, ¶33.

### *Procedural Posture*

{¶48} We first determine the procedural vehicle by which the trial court granted judgment to the state.

{¶49} In its motion to dismiss, the state contended that it never possessed Mr. Lacy's animals and that the county dog warden, a governmental agency unrelated to the state, removed the animals. In support of these assertions, the state referenced Ms. Brunell's affidavit attached to the APL's motion for summary judgment.

{¶50} In its judgment entry, the trial court found that the state's "only involvement" with Mr. Lacy was as part of his criminal prosecution and that "[t]here is nothing before" it

10

indicating the state is or was in possession of Mr. Lacy's property.  While the trial court's judgment entry indicates that Mr. Lacy failed to state a claim upon which relief can be granted, the trial court effectively treated the state's motion as a motion for summary judgment under Civ.R. 56 by considering evidence outside the complaint.

{¶51}  Civ.R. 12(B) provides, in relevant part, as follows:

{¶52}  "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  * * * (6) failure to state a claim upon which relief can be granted[.] * * * When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.  Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56.  All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

{¶53}  While Mr. Lacy has not alleged procedural error under Civ.R. 12, any such error would be harmless because the record demonstrates Mr. Lacy had a reasonable opportunity to submit evidence to oppose the state's motion.

{¶54}  Specifically, the state filed its motion to dismiss in August of 2018.  Mr. Lacy filed a response to the state's motion, but the trial court did not grant the state's motion until January 2019.  Therefore, Mr. Lacy had over five months to submit opposing evidence.  *See Rice v. Lewis*, 4th Dist. Scioto No. 13CA3551, 2013-Ohio-5890, ¶17 (lack

11

of notice harmless where the plaintiff had five months to submit evidence). During this time period, Mr. Lacy filed numerous other pleadings to which he attached documentary evidence.

{¶55} Further, in its motion to dismiss, the state relied on Ms. Brunell's affidavit, which the APL had attached to the motion for summary judgment it previously filed in June 2018. Mr. Lacy had filed a response to the APL's motion for summary judgment but did not attempt to refute any of the statements in Ms. Brunell's affidavit, nor did he submit evidentiary materials. If any evidence existed to support the state's liability for replevin or conversion, Mr. Lacy had sufficient time to submit it.

## Summary Judgment to the State

{¶56} We next determine whether the trial court's effective grant of summary judgment to the state was appropriate under Civ.R. 56.

### *Standard of Review*

{¶57} We review de novo a trial court's order granting summary judgment. *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶9. A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Id.*

{¶58} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial'. The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt* [75 Ohio St.3d 280 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial

court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶40.

{¶59} The "portions of the record * * * are those evidentiary materials listed in Civ.R. 56(C) * * * that have been filed in the case," which are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." *Dresher* at 292; Civ.R. 56(C).

{¶60} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112." *Welch* at ¶40.

### Replevin

{¶61} Mr. Lacy's complaint asserts claims against the state for replevin and conversion.

13

**{¶62}** A replevin action provides the means to obtain possession of specific personal property that one has a right to possess. *Walther v. Cent. Trust Co.*, 70 Ohio App.3d 26, 31 (2d Dist.1990). Under Ohio law, dogs are personal property. *State ex rel. Lewis v. Bd. of Jackson Cty. Commrs.*, 4th Dist. Jackson No. 98CA830, 2002-Ohio-1424, ¶9. A replevin action is strictly a possessory action, and it lies only on behalf of one entitled to possession against one having, at the time the suit is begun, actual or constructive possession and control of the property. *Black v. Cleveland*, 58 Ohio App.2d 29, 32 (8th Dist.1978).

**{¶63}** In Ohio, replevin is solely a statutory remedy. *Am. Rents v. Crawley*, 77 Ohio App.3d 801, 804 (10th Dist.1991). R.C. Chapter 2737 sets forth the procedure for a replevin action. *First Fed. S. & L. Assn. of Warren v. A & M Towing & Rd. Serv., Inc.*, 127 Ohio App.3d 46, 50 (11th Dist.1998).

**{¶64}** The state met its burden on summary judgment to establish that it did not have possession of Mr. Lacy's animals when he filed his complaint in February 2018. In support its motion to dismiss, the state referenced Ms. Brunell's affidavit attached to the APL's motion for summary judgment. Since the APL filed its motion for summary judgment prior to the state's filing of its motion to dismiss, Ms. Brunell's affidavit was part of the record for purposes of Civ.R. 56(C).

**{¶65}** In her affidavit, Ms. Brunell states that the Ashtabula County Dog Warden took seven animals from Mr. Lacy and placed them at the APL's shelter in March 2017. Pursuant to R.C. 955.12, a county dog warden is appointed or employed by a county, not the state.

14

{¶66} Ms. Brunell's affidavit further states that the APL is a nonprofit, tax-exempt, private charitable organization that is not part of the Ashtabula County Dog Warden's office or any other governmental agency.  Thus, the APL is also not a state agency.

{¶67} In his response to the state's motion, Mr. Lacy claimed, without evidentiary support, that the state was involved in the "coordination" of the removal of his animals. Even if true, this allegation does not create an issue of material fact.  The state's involvement in "coordination" would not constitute possession of the animals, much less possession on the date Mr. Lacy filed suit.

{¶68} Further, Mr. Lacy conceded that the Ashtabula County Dog Warden removed his animals and that he named the state as a defendant in his complaint because of its subsequent prosecution of him.  According to Mr. Lacy, he incurred significant financial costs in defending against the prosecution prior to dismissal.

{¶69} R.C. 2737.14 only authorizes an award of permanent possession *and* damages that "proximately resulted from the taking, withholding, or detention of the property."  Here, an award of possession against the state is not possible.  Even if it was, the statute does not authorize damages resulting from an alleged wrongful prosecution.

{¶70} Therefore, Mr. Lacy did not meet his reciprocal burden to establish a genuine issue of material fact regarding the state's possession of his animals.

### *Conversion*

{¶71} To establish conversion, the plaintiff must demonstrate the defendant wrongfully exerted control over the plaintiff's personal property inconsistent with or in denial of his or her rights.  *Smith v. Evaline's Bridal*, 11th Dist. Trumbull No. 2009-T-0014, 2009-Ohio-6520, ¶17.  The elements of conversion are: (1) the plaintiff's ownership and

15

right to possess the property at the time of the conversion; (2) the defendant's conversion by wrongful act of plaintiff's property rights; and (3) damages. *Floch v. Davis*, 11th Dist. Trumbull No. 2013-T-0021, 2013-Ohio-4968, ¶29.

{¶72} The state met its burden on summary judgment to establish that it did not convert or dispose of his property. Ms. Brunell's affidavit states that the APL, which is a charitable organization and not a state agency, deemed the animals abandoned and transferred them to other animal rescue organizations.

{¶73} Mr. Lacy has never alleged that the state was involved in the transfers of his animals. Therefore, Mr. Lacy did not meet his reciprocal burden to establish a genuine issue of material fact regarding the state's conversion of his animals.

{¶74} In sum, the trial court's effective grant of summary judgment to the state was proper under Civ.R. 56(C).

{¶75} Mr. Lacy's first assignment of error is without merit.

### Summary Judgment to the APL

{¶76} Within his second assignment of error, Mr. Lacy alleges that the trial court erred by granting the APL's motion for summary judgment.

{¶77} Mr. Lacy does not argue that the APL did not meets its burden on summary judgment or that he raised a genuine issue of material fact. Instead, Mr. Lacy claims that the basis for the trial court's grant of summary judgment to the APL was that Mr. Lacy never responded to the APL's counterclaim. Mr. Lacy argues that summary judgment was inappropriate because the APL intentionally mailed its counterclaim to him at the wrong address.

16

{¶78} The premise of Mr. Lacy's argument is incorrect. The trial court's judgment entry indicates that it granted summary judgment to the APL on Mr. Lacy's claims. The trial court did not grant summary judgment to the APL on its counterclaim. Rather, the trial court granted default judgment to the APL on its counterclaim on the basis that Mr. Lacy had filed a nonresponsive answer.

{¶79} Within his argument, Mr. Lacy quotes Civ.R. 36 relating to requests for admission. We note that the APL supported its motion for summary judgment, in part, on statements in its requests for admission that it asserted were deemed admitted by Mr. Lacy as a result of his failure to respond. Mr. Lacy has not formulated an argument regarding the requests for admissions, and it is not apparent that the trial court granted summary judgment in favor of the APL based on Mr. Lacy's deemed admissions.

{¶80} An appellant "bears the burden of affirmatively demonstrating error on appeal." *Tally v. Patrick*, 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, ¶22. App.R. 16(A)(7) requires an appellant to present "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions * * *." It is not the appellate court's responsibility to root out meritorious arguments for the parties. *Tally* at ¶22.

{¶81} The portion of Mr. Lacy's second assignment of error relating to the trial court's granting of the APL's motion summary judgment is without merit.

**Default Judgment to the APL**

{¶82} Within his second assignment of error, Mr. Lacy also argues that the trial court erred by granting the APL's motion for default judgment on its counterclaim.

17

### Standard of Review

{¶83} A trial court's decision to grant or deny a motion for default judgment is reviewed under an abuse of discretion standard. (Citations omitted.) *Domadia v. Briggs*, 11th Dist. Geauga No. 2008-G-2847, 2009-Ohio-6510, ¶19. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

{¶84} When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error (although harmless errors and errors not preserved for appellate review are not reversible). *Id.* at ¶67, fn. 2. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.* at ¶67.

### Legal Standards

{¶85} Mr. Lacy contends that the APL intentionally mailed its counterclaim to him at the wrong address despite knowing that he was incarcerated at LECI. Therefore, he argues the trial court erred in granting default judgment against him based on his failure to respond.

{¶86} Civ.R. 55 governs default judgments, and it expressly applies to counterclaims. Civ.R. 55(C). Before a trial court can enter judgment against a defendant, it must first have personal jurisdiction over the defendant. S*weeney v. Smythe, Cramer Co.*, 11th Dist. Geauga No. 2002-G-2422, 2003-Ohio-4032, ¶12. Hence, a default

18

judgment issued by a court without jurisdiction over the person of the defendant is void ab initio. *Id.*

{¶87} Due process requires the method of service to be "reasonably calculated" to inform the interested party of the pending action. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 407 (1980). A presumption of proper service exists when the record reflects that the civil rules pertaining to service of process have been followed. *Thomas v. Corrigan*, 135 Ohio App.3d 340, 344 (11th Dist.1999).

{¶88} Since a counterclaim is a pleading filed subsequent to the original complaint, its service is governed by Civ.R. 5. Pursuant to Civ.R. 5(B)(2)(c), "[a] document is served* * * by * * * mailing it to the person's last known address by United States mail," and "service is complete upon mailing."

### *Service of the APL's Counterclaim*

{¶89} The record does not support Mr. Lacy's assertion that the APL intentionally sent its counterclaim to an incorrect address. The certificate of service on the APL's counterclaim indicates the APL served it on Mr. Lacy pursuant to Civ.R. 5(B)(2)(c) by mailing it to the Ogden Avenue address that Mr. Lacy listed in his complaint. There is no evidence in the record that the counterclaim had been returned to the APL indicating failure of delivery. Thus, the record presents a presumption that the APL properly served Mr. Lacy with its counterclaim pursuant to Civ.R. 5(B)(2)(c).

{¶90} The presumption of proper service may be rebutted by sufficient evidence that service was not received. *Thomas* at 344; *see* 1970 Staff Note, Civ.R. 5(D) ("[I]nasmuch as service of the copy of the paper is complete upon * * * posting in the mail, the burden is on the opposite party to show that he did not receive a copy of the paper").

19

Evidence showing that a party never resided and received mail at the address to which the mail service was addressed would be sufficient to rebut the presumption of proper service. *Grant v. Ivy*, 69 Ohio App.2d 40 (10th Dist.1980), paragraph one of the syllabus.

{¶91} Mr. Lacy does not contend that he never resided and received mail at the Ogden Avenue address. Rather, he contends that he was incarcerated at LECI in January 2018. However, Mr. Lacy did not use this address in his complaint, and he did not file a formal change of address with the court until July 2018.

{¶92} A party bears the burden of formally notifying the court of a change of address. *State ex rel. Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, ¶6. Since informing the trial court of a new address is relatively simple, the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court. *Id.*, quoting *Nalbach v. Cacioppo*, 11th Dist. Trumbull No. 2001-T-0062, 2002 WL 32704, *6 (Jan. 11, 2002). *See Bank of New York v. Elliot*, 8th Dist. Cuyahoga Nos. 97506 & 98179, 2012-Ohio-5285, ¶19 (holding that service to a last-known address was effective where the parties did not file a change of address).

{¶93} This obligation applies equally to pro se litigants. *Fuerst* at 6, citing *Nalbach* at *6. Pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. *Willowick v. Sanvido*, 11th Dist. Lake No. 2009-L-097, 2010-Ohio-2816, ¶29. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. *Id.*

{¶94} In addition, the record indicates that Mr. Lacy responded to the APL's counterclaim by filing a purported answer, which the trial court struck as nonresponsive.

While Mr. Lacy claims to have never seen the APL's counterclaim, his purported answer appears to quote portions of it.

{¶95} Further, unsworn statements are not sufficient to rebut the presumption of proper service. *Potter v. Troy*, 78 Ohio App.3d 372, 377 (2d Dist.1992). Mr. Lacy first submitted affidavits alleging failure of service in his motion for reconsideration, which he filed after the trial court entered default judgment.

{¶96} In sum, we cannot say the trial court abused its discretion in granting default judgment to the APL on its counterclaim.

{¶97} The remainder of Mr. Lacy's second assignment of error is without merit.

### Award of Damages to the APL

{¶98} In his third assignment of error, Mr. Lacy argues that the trial court erred in awarding the APL damages on its counterclaim.

### *Standard of Review*

{¶99} Mr. Lacy's third assignment of error involves the trial court's adoption of the magistrate's decision following a hearing. Although Mr. Lacy filed objections to the magistrate's decision based, in part, on the magistrate's factual findings, he did not file a transcript of the hearing with the trial court. Mr. Lacy's failure to do so is determinative of our standard of review.

{¶100} Under Civ.R. 53(D)(3)(b)(i), a party may file written objections to a magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period. Civ.R. 53(D)(3)(b)(iii) describes certain requirements to support an objection to a magistrate's factual findings, stating in pertinent part:

21

{¶101} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."

{¶102} Without a transcript, the trial court's review of the magistrate's findings of fact is limited to determining whether those findings support the magistrate's conclusions of law. *Smith v. Treadwell*, 11th Dist. Lake No. 2009-L-150, 2010-Ohio-2682, ¶25. When no transcript is provided to the trial court in support of factual objections to a magistrate's decision, an appellate court is limited to determining whether the trial court abused its discretion in adopting the magistrate's decision. *Id.* Under such circumstances, an appellate court will only reverse if it finds the trial court adopted the magistrate's decision when there was clear error of law or other defect on its face. *Id.*

{¶103} Although a transcript of the magistrate's hearing is included in the record on appeal, our review is limited to the record as it existed at the time the trial court rendered its judgment. (Citation omitted.) *Krlich v. Shelton*, 11th Dist. Trumbull No. 2018-T-0104, 2019-Ohio-3441, ¶25. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the

syllabus. Therefore, we may not consider the hearing transcript in ruling on Mr. Lacy's third assignment of error.

### *Analysis*

{¶104} Mr. Lacy first contends that the dog warden took a total of ten dogs from him. However, the relevant inquiry regarding the APL's damages was the number of animals for which it provided services, not the number of animals that the dog warden may have seized. The magistrate's decision states that the APL's sole witness testified regarding services provided to *seven* dogs.

{¶105} Mr. Lacy also objects to being held liable for damages for food and shelter for dogs that he contends were "illegally confiscated" from him. These issues are beyond the scope of the damages hearing. At the time of the hearing, the trial court had previously granted default judgment to the APL on the issue of Mr. Lacy's liability. Therefore, the purpose of the hearing was for the APL to establish its damages and attorney fees.

{¶106} Mr. Lacy also alleges that he attempted to retrieve his dogs from the APL but was told to leave the premises. While this allegation, if substantiated, could potentially affect the proper amount of the APL's damages, the magistrate's decision does not reflect that any evidence was presented on the issue.

{¶107} Finally, Mr. Lacy disputes the magistrate's "conclusion of law" that he "surrendered" his animals. The magistrate did not make this finding. Instead, the magistrate expressly found that Mr. Lacy had not *voluntarily* surrendered his animals.

{¶108} In sum, Mr. Lacy has not established a clear error of law or other defect on the face of the magistrate's decision.

23

{¶109} Mr. Lacy's third assignment of error is without merit.

{¶110} Based on the foregoing, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.