OPINION
{¶ 1} Defendant-appellant James Wolmold, II, appeals from an order of the trial court denying his post-sentence motion to withdraw his plea of guilty, following a plea bargain, to one count of Attempted Rape and one court of Gross Sexual Imposition. Wombold contends that the trial court erred by denying his motion because he was never served with the State's memorandum in opposition to his motion, because the Adult Parole Authority improperly took into consideration the age of the victim in classifying him for purposes of exercising its discretion whether to release him on parole, because the Authority miscalculated his jail-time credit for similar purposes, and because, as a result of the enactment of R.C. 5120.56 after his sentence, he must bear a co-payment portion of the expense of his medical treatment while he is in penal custody.
 {¶ 2} We conclude that even if Wombold was, in fact, not served with the State's memorandum in opposition to his motion, he has failed to demonstrate any prejudice as a result thereof. We conclude that the Ohio Adult Parole Authority satisfied its obligation pursuant to Layne v. OhioAdult Parole Authority, 97 Ohio St. 3d 456, 2002-Ohio-6719, when it based its classification of Wombold upon the offenses to which he pled guilty, rather than the offenses with which he was originally charged, and the Authority was entitled, in exercising its discretion whether to release Wombold on parole, to consider the facts and circumstances surrounding the commission of those offenses, including, in particular, the age of his victim. We conclude that even if Wombold could demonstrate that the Ohio Adult Parole Authority erred in its calculation of his jail-time credit, that had nothing to do with his plea bargain, and would, therefore, not vitiate the validity or efficacy of the plea. Finally, we conclude that even if the provision in R.C. 5120.56 for the co-payment of expenses for medical treatment of an incarcerated prisoner were deemed to violate constitutional restrictions on retroactivity and ex post facto laws, that had nothing to do with Wombold's plea bargain, and therefore does not affect the validity of his plea. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} In 1994, Wombold was charged by indictment with two counts of Rape and three counts of Gross Sexual Imposition. The three counts of Gross Sexual Imposition all carried specifications that he had caused harm to his victim. Wombold entered into a plea bargain wherein he pled guilty to one count of Attempted Rape and one count of Gross Sexual Imposition. The State dismissed the other count of Rape, the two remaining counts of Gross Sexual Imposition, and all of the specifications that Wombold had caused harm to his victim. Wombold was sentenced to imprisonment for fifteen years to life for Attempted Rape, and one year for Gross Sexual Imposition, to be served concurrently.
 {¶ 4} In May, 2003, Wombold filed a motion to withdraw his guilty pleas, contending that he had suffered a manifest injustice as a result of the Ohio Adult Parole Authority's having classified him, for purposes of exercising its discretion whether to release him on parole, on the basis of the offenses with which he was originally charged, rather than upon the two offenses to which he had pled guilty. The State conceded that the Ohio Adult Parole Authority had classified Wombold in violation of the rule laid down in Layne v. Ohio Adult Parole Authority,97 Ohio St. 3d, 456, 2002-Ohio 6719, which held that a classification based upon charges originally instituted, rather than charges to which a defendant has pled guilty, breaches an underlying plea agreement and is therefore prohibited. But the State submitted an affidavit of an officer of the Ohio Adult Parole Authority, Richard Spence, in which it was averred that the Ohio Adult Parole Authority would re-classify Wombold in accordance with Layne, supra. The trial court denied Wombold's motion for leave to withdraw his guilty plea, concluding that the Ohio Adult Parole Authority's promise to comply with Layne gave Wombold the full benefit of his plea bargain, thereby making Wombold whole. On appeal, we agreed.State v. Wombold, (April 16, 2004), Montgomery App. No. 20000.
 {¶ 5} In December, 2003, Wombold filed the motion to withdraw his plea that is the subject of this appeal. The State filed its response on February 23, 2004. The trial court denied the motion on April 9, 2004, and Wombold appeals.
 II {¶ 6} Wombold's First Assignment of Error is as follows:
 {¶ 7} "The common pleas court of Montgomery County, Ohio, abused its discretion when the court's decision was based upon a response brief in which the appellant was never properly served."
 {¶ 8} Wombold contends that he was never served with the State's memorandum opposing his motion to withdraw his plea. The State points out that its memorandum bears a certificate of service, signed by Assistant Prosecuting Attorney Tracey L. Ballard, certifying that a copy of the State's memorandum was served upon Wombold, at his prison address, by regular U.S. Mail, postage prepaid, on the date of filing of the motion. The State contends, and we agree, that the presumption of regularity requires us to conclude that the State's memorandum was served upon Wombold. We note, however, that even if it was not served upon Wombold, Wombold has not demonstrated any resulting prejudice. Specifically, he has not demonstrated that he had the ability to rebut any of the documentation attached to the State's memorandum. With respect to the State's legal arguments, we consider legal issues de novo in this appeal, so that Wombold, in his original brief and reply brief, filed in this appeal, has had ample opportunity to respond to the State's legal arguments.
 {¶ 9} Wombold's First Assignment of Error is overruled.
 III {¶ 10} Wombold's Second Assignment of Error is as follows:
 {¶ 11} "The lower court abused its discretion when it failed to hold an evidentiary hearing, even after appellant filed an affidavit testifying to the facts in which the court held that appellant has not proven."
 {¶ 12} Although it is not clear from Wombold's inartful Second Assignment of Error, from the text of his argument in support of this assignment of error, we conclude that he is here arguing that he should be permitted to withdraw his plea, because, at the time his plea was tendered and accepted, the State of Ohio bore the entire expense of any medical care provided to an incarcerated prisoner, but the subsequent enactment of R.C. 5120.56(D)(7) provides that the costs of an incarcerated prisoner's medical care may be assessed against, and collected from, the prisoner. Wombold contends that the application of this provision to him violates the prohibition against ex post facto laws in Article I, Section 10 of the United States Constitution and ArticleII, Section 28, of the Ohio Constitution.
 {¶ 13} It may be a nice question whether a person convicted of an offense before the enactment of R.C. 5120.56(D)(7) may properly be subject to the provision therein for the assessment of costs of medical treatment while incarcerated, whether that individual is incarcerated pursuant to a conviction resulting from a plea bargain, or otherwise. In any event, it has nothing to do with the plea bargain, itself.
 {¶ 14} As the trial court noted in its decision, Wombold's plea bargain contained no promises or representations with regard to who would bear the cost of his medical treatment while incarcerated. Therefore, in our view, even if the statutory provision with respect to the expenses of medical treatment may not properly be enforced against Wombold, that does not affect the validity of his plea, just as it would not affect the validity of an incarcerated prisoner's conviction, by a jury, preceding enactment of the statute.
 {¶ 15} Wombold's Second Assignment of Error is overruled.
 IV {¶ 16} Wombold's Third Assignment of Error is as follows:
 {¶ 17} "The court's failure to consider the proper facts and evidence submitted by appellant violated his due process rights and denied him meaningful judicial review of his claims."
 {¶ 18} Again, although it is not clear from Wombold's inartful Third Assignment of Error, we conclude from his argument in support of that error that he is contending, in connection with this assignment of error, that he should be permitted to withdraw his plea because the Ohio Adult Parole Authority has miscalculated his jail-time credit.
 {¶ 19} In the trial court, the State contended, and the trial court found, that the Ohio Adult Parole Authority properly determined that Wombold was entitled to only three days of jail-time credit, for time served in the Montgomery County Jail. Wombold contends that he is entitled to a jail-time credit in excess of 109 days. We find it unnecessary to resolve this conundrum.
 {¶ 20} Even if the Ohio Adult Parole Authority has made a mistake in determining Wombold's jail-time credit, that has nothing to do with the validity, or continuing efficacy, of his plea bargain. Whether a prisoner is incarcerated as a result of a conviction following a jury trial, or whether it is as a result of a conviction following a guilty plea, the prisoner is entitled to a properly calculated jail-time credit. This has nothing to do with the efficacy or validity of the prisoner's plea. Accordingly, we conclude that the trial court properly determined that no alleged error in the calculation of Wombold's jail-time credit can be the basis for the withdrawal of his plea.
 {¶ 21} Wombold's Third Assignment of Error is overruled.
 V {¶ 22} Wombold's Fourth Assignment of Error is as follows:
 {¶ 23} "The lower court failed to follow the law established by the Supreme Court of Ohio in Layne Violating the appellant's constitutional rights and the explicit terms of his plea agreement contracts with the court."
 {¶ 24} The Ohio Adult Parole Authority maintains a "Parole Guidelines Chart," pursuant to which the guideline range of incarceration before release on parole is determined by a grid in which a numerical offense category, consisting of integers from one to thirteen, determines the appropriate row, and a "Criminal History/Risk Score" determines one of four appropriate columns. In determining Wombold's guideline range, the Ohio Adult Parole Authority deemed him to be in offense category nine. This was determined pursuant to the Authority's Guidelines Manual, wherein the category for the offense of Rape is determined as follows:
 {¶ 25} "Use the greatest applicable category:
 {¶ 26} "(A) Category 10 if —
"(1) serious bodily injury results;
"(2) the victim is raped by more than one offender;
"(3) the victim is less than 16 years of age; or
"(4) the victim is kidnapped to facilitate the offense.
 {¶ 27} "(B) Category 9 in any other case.
 {¶ 28} "(C) The offense category for an attempt to commit a rape shall be one category lower than that set forth above."
 {¶ 29} Pursuant to this scheme, Wombold was first determined to be in category 10, because his victim was less than 16 years of age, but that category was reduced to category 9, because he pled guilty to Attempted Rape, not to Rape.
 {¶ 30} Wombold contends that by categorizing him in this manner, the Authority breached his plea agreement, in violation of the principle laid down in Layne v. Ohio Adult Parole Authority, supra. The trial court disagreed, and so do we. As we understand the holding in Layne, supra, it merely holds that the Adult Parole Authority may not, in categorizing an offender for purposes of determining when to release him on Parole, treat an offender who has pled guilty to a lesser offense or offenses as if he had been convicted of the greater offense or offenses with which he had originally been charged. It does not, however, prevent the Authority from considering the facts and circumstances of the offense in deciding how to exercise the discretion accorded to the Authority in its determination whether and when to release the prisoner. Thus, the Authority was not permitted to treat Wombold as if he had been convicted of Rape, which would have had the result of putting him in Category 10, because, although he was originally charged with Rape, he only pled guilty to Attempted Rape. But the Authority was permitted to take into consideration the fact that Wombold's victim was less than 16 years of age. In our view, this is not inconsistent with the holding in Layne,supra. The Authority's recognition of the fact that the victim was less than 16 years of age and its consideration of that fact in determining how to exercise its discretion, in no way contradicted the terms or nature of the plea bargain that Wombold entered into with the State.
 {¶ 31} Wombold's Fourth Assignment of Error is overruled.
 V {¶ 32} All of Wombold's assignments of error having been overruled, the judgment of the trial court is affirmed.
Wolff and Grady, JJ., concur.