[Cite as *Patterson v. State*, 2024-Ohio-5704.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| MARK PATTERSON | : | |
| | : | |
| Appellant | : | C.A. No. 2024-CA-42 |
| | : | |
| v. | : | Trial Court Case No. 2024 CV 0372 |
| | : | |
| STATE OF OHIO | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 6, 2024

. . . . . . . . . .

MARK PATTERSON, Pro Se Appellant

MEGAN A. HAMMOND, Attorney for Appellee Greene County Prosecutor's Office

JAMES P. REISING & BYERS B. EMMERLING, Attorneys for Appellee Ohio Attorney General's Office

. . . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Appellant Mark Patterson appeals from a judgment of the Greene County

Court of Common Pleas which granted the State's motion to dismiss his complaint for declaratory judgment. For the reasons that follow, the judgment of the trial court will be affirmed.

I.        **Facts and Procedural History**

{¶ 2} In August 2020, Patterson was charged by way of bill of information with one count of rape of a person less than 13 years of age, in violation of R.C. 2907.02(A)(1)(b). He pled no contest and was sentenced to life in prison with the possibility of parole after 10 years.

{¶ 3} In December 2023, Patterson filed a "motion for relief from judgment based on constitutional law change." He argued that the recent abortion amendment (Ohio Const., art. I, § 22), which granted every individual a "right to make and carry out" his or her own "reproductive decisions," gave him a constitutional right to have sex with children. The trial court construed the motion as an untimely post-conviction relief petition and denied it on that basis.

{¶ 4} Thereafter, in February 2024, Patterson filed a Civ.R. 57 "complaint for declaratory judgment" in his criminal case, seeking a declaration that the amendment rendered the rape statute unconstitutional. Once again, he argued that he now had a constitutional right to have sex with children. In its motion to dismiss, the State asserted that Patterson's real objective was post-conviction relief overturning his conviction based on a finding that the rape statute was unconstitutional. The trial court, like before, treated Patterson's filing as an untimely post-conviction petition and denied it accordingly. On appeal, we held that the trial court erred by recasting Patterson's complaint as an untimely

post-conviction petition, but that it was a harmless error, and the filing remained subject to dismissal "because a trial court cannot enter declaratory judgment for a defendant in a criminal case." *State v. Patterson*, 2024-Ohio-4605, ¶ 13 (2d Dist.). The judgment of the trial court was ultimately affirmed.

{¶ 5} As pertinent to this appeal, Patterson filed a civil complaint for declaratory judgment on May 10, 2024, asking the Greene County Court of Common Pleas to declare that Ohio's statutory rape statute, R.C. 2907.02(A)(1)(b), is unconstitutional. His reasoning: the recently enacted amendment to the Ohio Constitution that ensures "reproductive freedom" eliminates the State's ability to prosecute statutory rape.

{¶ 6} Both the Greene County Prosecutor's Office and the Ohio Attorney General's Office responded to Patterson's complaint and accompanying memorandum with motions to dismiss under Civ.R. 12(B)(6). The trial court concluded that Patterson could prove no set of facts entitling him to relief, finding that declaratory judgment was not the proper vehicle for Patterson to get the relief he sought – the overturning of his conviction.

{¶ 7} Patterson has appealed.

## II. Due Course of Law

{¶ 8} In his first assignment of error, titled "Due Course of Law," Patterson argues that the trial court erred by granting the State's motion to dismiss without giving him a full opportunity to respond. To analyze this assignment of error, we first need a timeline of filings in this case.

{¶ 9} Patterson filed his complaint and a corresponding memorandum (requesting declaratory judgment that R.C. 2907.02(A)(1)(b) is unconstitutional) on May 10, 2024.

This was followed by Greene County's motion to dismiss on May 21, Patterson's opposition memorandum on May 30, and Greene County's answer to the complaint on June 10. The Ohio Attorney General's Office filed its motion to dismiss on June 12. On June 14, the trial court filed its judgment entry granting "the State of Ohio's motion to dismiss."

{¶ 10} After the case was dismissed, Patterson continued to file motions. He filed a motion to strike the Attorney General's motion to dismiss on June 21, a motion to strike Greene County's answer to his complaint on June 28, and a reply to the answer on that same day. Finally, on July 5, Greene County and the Attorney General filed a combined response to Patterson's motion to strike.

{¶ 11} Civ.R. 6(C)(1) states that a party has 14 days to file a response to all dispositive motions, which would include a motion to dismiss. Similarly, Greene County Loc.R. 2.04(II)(B) provides that all parties opposing motions shall file and serve a memorandum in opposition within 14 days from the time notice was received. With those timelines in mind, we can say that the trial court erred when it granted the Attorney General's motion to dismiss without allowing proper time for a response from Patterson. The Attorney General's motion was filed on June 12 and the court's judgment entry was released only two days later – clearly a violation of both the civil and local rules. While this was an error, it was harmless.

{¶ 12} Civ.R. 61 sets forth the harmless error rule and states:

No error in either the admission or the exclusion of evidence and no error

or defect in any ruling or order or in anything done or omitted by the court

or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

It is well established that errors are not considered prejudicial unless their avoidance would have changed the result of the proceeding. *Evans v. Thobe*, 2011-Ohio-3501, ¶ 32 (2d Dist.).

{¶ 13} In this case, the court ruled on both motions to dismiss together, and while it should not have ruled on the Attorney General's motion to dismiss at that time, the error was harmless because Greene County's motion to dismiss was ripe for a decision. Greene County filed its motion on May 21, 2024, and Patterson filed his opposition memorandum on May 30. With both sides of the argument before it, the trial court was free to make a ruling on the merits of Greene County's motion to dismiss, and at that point, the Attorney General's motion was superfluous. Whether Patterson was able to respond to the Attorney General's motion is irrelevant because the court found Greene County's motion sufficient to grant the dismissal, especially in light of the fact that the two entities of "The State" made virtually the same arguments.

{¶ 14} The trial court did not err in granting Greene County's motion to dismiss, and the assignment of error is overruled.

### III.    Declaratory Judgments

{¶ 15} In his second, third, and fourth assignments of error, Patterson makes related claims that the trial court erred by granting the motions to dismiss. We will address them together.

{¶ 16} "A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available." *Burge v. Ohio Atty. Gen.,* 2011-Ohio-3997, ¶ 7 (10th Dist.). It serves the purpose of eliminating uncertainty regarding legal rights and obligations by allowing parties to seek a judicial determination of their rights, status, or other legal relations under a contract, statute, or other legal instrument, even before any breach has occurred. *Mid-American Fire and Cas. Co. v. Heasley*, 2017-Ohio-1248, ¶ 8.

{¶ 17} Because courts generally cannot give advisory opinions, declaratory judgments can only decide "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Corron v. Corron*, 40 Ohio St.3d 75, 79 (1988). Therefore, "[t]he essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." *Walker v. Ghee,* 2002 WL 104938, *2 (10th Dist. Jan. 28, 2002). If a party fails to establish any of the requisite showings to bring the claim, the court must dismiss the cause. *Moore v. Middletown*, 2012-Ohio-3897, ¶ 49.

{¶ 18} As to the availability of a declaratory judgment in this case, the parties take opposite views of the matter. Patterson argues that he was not looking to get his conviction overturned, but merely wanted "relief from uncertainty with respect to his rights." Basically, he claims he wants to know if the new abortion rights amendment,

specifically the "reproductive freedom" language in it, endorses sex with children. If so, R.C. 2907.02(A)(1)(b), the statutory rape law, is unconstitutional. The State's view is that this exercise from Patterson was nothing more than thinly-veiled attempt to get his conviction – and his life sentence – overturned. We agree with the State.

{¶ 19} While a declaratory judgment action can be used prospectively to determine the validity, construction, and application of criminal statutes, it cannot be used to collaterally attack criminal convictions and sentences. *Knuckles v. State*, 2019-Ohio-1079, ¶ 7 (10th Dist.). Using the suit in this way fails to "present a justiciable controversy capable of resolution under the Declaratory Judgment Act." *Redman v. Sheward*, 2018-Ohio-2609, ¶ 10 (10th Dist.).

{¶ 20} In this case, Patterson's claim that he was simply trying to challenge the constitutionality of R.C. 2907.02(A)(1)(b) for constitutionality's sake was undermined by his own words. In his complaint, he requested "that the court declare that R.C. 2907.02(A)(1)(b) is unconstitutional, *as applied to the Defendant*," that it "imposes an undue burden *upon the defendant*," and is "unreasonably *applied to the Defendant*." Complaint at 4. He further posits that "[a] declaratory judgment is normally a prelude to a request for other relief as nobody would want an empty declaration. A declaratory judgment does not bar the Appellant from getting future relief." Appellant's Brief at 4. It seems *extremely* likely that the future relief Patterson would be aiming for is the overturning of his conviction and life sentence. As the trial court noted, the "natural implication of Patterson's claim is to have his criminal conviction overturned; thus, it is equally clear a declaratory judgment action is not the appropriate vehicle to obtain the

relief he seeks." Judgment Entry at 3. As such, Patterson's second, third, and fourth assignments of error are overruled.

### IV. Conclusion

**{¶ 21}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and LEWIS, J., concur.