[Cite as *Yehudah v. Gallagher*, 2025-Ohio-1600.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| MAETEEVAH YEHUDAH, | CASE NO. 2024-L-087 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| CHRISTOPHER GALLAGHER, PARAMEDIC (DOC), et al., | Trial Court No. 2024 CV 001425 |
| Defendants-Appellees. | |

## OPINION AND JUDGMENT ENTRY

Decided: May 5, 2025
Judgment: Reversed and remanded

*Maeteevah Yehudah*, pro se, 38410 Oak Hill Lane, #201, Willoughby, OH 44094 (Plaintiff-Appellant).

*John T. McLandrich* and *Frank H. Scialdone*, Mazanec, Raskin & Ryder Co., LPA, 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (For Defendants-Appellees).

SCOTT LYNCH, J.

{¶1} Plaintiff-appellant, Maeteevah Yehudah, appeals the dismissal of a wrongful death action. Under the state and local procedural rules, Yehudah was allowed fourteen days to submit a response in opposition to dismissal. The trial court granted the dismissal before the time to respond had elapsed, thereby depriving Yehudah of due process. Accordingly, we reverse the decision of the court below and remand for further proceedings consistent with this Opinion.

{¶2} On September 20, 2024, Yehudah filed a complaint captioned Affidavit in the Lake County Court of Common Pleas against defendants-appellees, Christopher

Gallagher, Francis Cavotta, Patrick Boehmer, and Timothy Gamiere. The complaint averred the following:

> I, Maeteevah Yehudah, of Willoughby, in Lake County, Ohio, MAKE OATH AND SAY THAT:
>
> 1. Wrongful Death:
>
>> On September 6th 2022, Willoughby EMS (911) was called due to our mother having difficulty breathing and the inability to speak. She was noted to be having a stroke per one of the EMS/First responders. Following the responder's acknowledgement of her having a stroke, there was no sign of urgency and no emergent protocol was initiated by either of the EMS/First responders. Neither was a stroke protocol initiated. The responders failed to perform even the basic emergency care/emergent protocol and did not properly treat our mother. They also failed to perform life-saving measures and breached the standard of care which caused our Mother's Death.

{¶3} On October 22, 2024, the defendants filed a Motion to Dismiss pursuant to Civil Rule 12(B)(6) on the grounds that "Plaintiff does not have standing to bring their claims, [the complaint] is barred by the applicable statute of limitations and/or time limitations, and Defendant [sic] is entitled to immunity pursuant to R.C. Chapters 2744 and 4765."

{¶4} On October 28, 2024, the trial court issued the following Order Granting Defendants' Motion to Dismiss:

> Upon review, the Court finds this action was commenced beyond the statute of limitations. Plaintiff brought this wrongful death action against four EMTs only. The City of Willoughby is not a named defendant. The Court thus applies the general statute of limitations for wrongful death actions under R.C. 2125.02(F)(1) instead of the more specific statute. *See* R.C. 2744.04(A) ("An action against a *political subdivision* to recover damages for injury, death, or loss to person …..") Regardless, the limitations period for either statute is the same.
>
> A wrongful death action must be commenced within two years after the decedent's death. R.C. 2125.02(F)(1). The complaint

alleges Plaintiff's mother died on September 6, 2022. The latest this action could have been commenced was September 6, 2024. Because Plaintiff filed the complaint on September 20, 2024, the case must be dismissed. The Court declines to address the Defendants' remaining arguments, although each has merit.

{¶5} On November 15, 2024, Yehudah filed a Notice of Appeal. On appeal, he raises the following assignments of error:

[1.] The trial court erred by dismissing the action without providing time to respond pursuant to Civ.R. 6(C) and Local Rule of Court of Common Pleas Lake County Rule 3.04(D).

[2.] The trial court erred in granting the Motion to Dismiss without properly considering the supporting evidence related to the wrongful death claim.

[3.] The trial court failed to apply appropriate Ohio law regarding wrongful death actions, leading to an unjust dismissal of the case. The dismissal was premature and failed to provide the appellant adequate time to respond, infringing on procedural fairness and due process rights.

[4.] The trial court failed to direct costs to be awarded as against Appellant and, as such, it erred in assessing said costs.

{¶6} Yehudah's first three assignments of error addressing the dismissal of the complaint will be considered jointly.

{¶7} To dismiss a complaint pursuant to Civil Rule 12(B)(6) for failure to state a claim upon which relief can be granted, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought." (Citation omitted.) *Valentine v. Cedar Fair, L.P.*, 2022-Ohio-3710, ¶ 12. "In conducting this review, [the court] accept[s] as true the factual allegations in the complaint," and "'[t]hose allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.'" (Citation omitted.) *Id.* The decision to grant a motion to dismiss is reviewed by an appellate court under a de novo standard. *Id.*

{¶8} "Application of a statute of limitations presents a mixed question of law and fact; when a cause of action accrues is a question of fact, but in the absence of a factual issue, application of the limitations period is a question of law." *Schmitz v. Natl. Collegiate Athletic Assn.*, 2018-Ohio-4391, ¶ 11. "A court may dismiss a complaint as untimely under Civ.R. 12(B)(6) only when, after accepting the factual allegations as true and making all reasonable inferences in favor of the plaintiff, the complaint shows conclusively on its face that the action is time-barred." *Id.*

{¶9} Under Ohio's Rules of Civil Procedure and the Local Rules of Practice and Procedure for the General Division of the Court of Common Pleas of Lake County, Ohio, a party has fourteen days to respond to a motion to dismiss. Civ.R. 6(C)(1) ("[r]esponses to a written motion … may be served within fourteen days after service of the motion"); Lake C.P., Gen.Div., Loc.R. 3.04(D) ("[e]ach party opposing the motion shall serve and file, within fourteen days …, a brief written statement of reasons in opposition to the motion").

{¶10} In the present case, the trial court granted the defendants' Motion to Dismiss six days after it was filed. Ruling on the defendants' Motion to Dismiss before Yehudah responded or the time elapsed for Yehudah to respond violated Civil Rule 6(C)(1) and Local Rule 3.04(D) and constitutes error.

{¶11} This Court and other courts have often affirmed: "To rule on motions prior to the expiration of the deadlines constitutes a denial of due process/the opportunity to respond." *Geauga Cty. Bd. of Health v. Malliski*, 2022-Ohio-2631, ¶ 23 (11th Dist.); *Neal v. Gersten*, 2024-Ohio-1405, ¶ 19 (4th Dist.) ("Civ.R. 6 reflects the fact that '[f]undamental due process principles require that each party have the opportunity to be heard prior to a trial court rendering a decision'") (citations omitted); *compare Hillabrand v. Drypers Corp.*,

87 Ohio St.3d 517, 519-520 (2000) ("[a] 'reasonable opportunity to defend against dismissal' … contemplates that a trial court allow the party opposing dismissal the opportunity to respond at least within the time frame allowed by the procedural rules of the court"); *Credit Corp Solutions, Inc. v. Rivas*, 2024-Ohio-4772, ¶ 11 (10th Dist.) ("[f]ailure to [allow time for a full and fair response to a summary judgment motion] implicates the nonmoving party's due process rights and constitutes reversible error").

{¶12} According to these, and other precedents, the dismissal of the underlying action must be reversed on the grounds that Yehudah was denied due process, i.e., the opportunity to respond to the Motion to Dismiss. *State ex rel. Castrilla v. Hansley*, 2003-Ohio-5228, ¶ 15 (11th Dist.) (where "[t]he dismissal [of the complaint] was made prior to the cessation of the fourteen-day time limit … appellants' opportunity to be heard was nonexistent"); *Capital One, N.A. v. Sikora*, 2017-Ohio-4347, ¶ 7 (9th Dist.) (where the trial court granted a motion to dismiss on the day that the motion was filed and served, "such … dismissal effectively precluded Capital One from asserting its due process right to be heard and oppose Mr. Sikora's motion to dismiss"); *Hopkins v. Greater Cleveland Regional Transit Authority*, 2024-Ohio-2265, ¶ 27 (8th Dist.) ("we find ample authority to support the conclusion that a trial court errs when it shortens a litigant's response time for motions without good cause"); *Bank of Am. v. Litteral*, 2010-Ohio-5884, ¶ 24 (2d Dist.) ("[t]he trial court erred when it rendered summary judgment before the deadline set by the court for a response had expired").

{¶13} It is acknowledged that some courts have applied a harmless error analysis as provided for in Civil Rule 61 where there has been a deprivation of due process in similar circumstances. In these cases, however, the error is deemed harmless because the nonmoving party was otherwise able to oppose the motion despite being deprived of

the opportunity to respond directly. For example, in *Patterson v. State*, 2024-Ohio-5704 (2d Dist.), the trial court prematurely ruled on a motion to dismiss filed by the Attorney General in violation of civil and local rules allowing fourteen days to file a response. The court acknowledged the error but found it harmless because another motion to dismiss had been filed by Greene County raising the same arguments and Patterson (the nonmoving party) had responded to this earlier motion. "Whether Patterson was able to respond to the Attorney General's motion is irrelevant because the court found Greene County's motion sufficient to grant the dismissal, especially in light of the fact that the two entities of 'The State' made virtually the same arguments." *Id.* at ¶ 13. *See also Teays Valley Local School Dist. Bd. of Edn. v. Struckman*, 2023-Ohio-244, ¶ 56 (4th Dist.) ("any error that may have occurred by prematurely striking appellant's amended answer and counterclaims is harmless error that we must disregard" because "the trial court ultimately considered all of appellant's arguments"); *compare Rena Lyon Revocable Trust v. Berry*, 2025-Ohio-425, ¶ 20 (3d Dist.) ("a trial court's failure to provide the required notice that it is converting a motion to dismiss into a motion for summary judgment can be harmless error if the nonmoving party had a sufficient opportunity to respond").

{¶14} The defendants urge this Court to affirm on the grounds that the complaint is "frivolous" and Yehudah "obviously cannot prevail on the facts alleged in the complaint," circumstances which obviate the need for notice or an opportunity to respond. Brief of Defendants-Appellees at 3-4; *State ex rel. Thompson v. Gonzalez*, 2024-Ohio-897, ¶ 9 ("[a] court of appeals may dismiss a complaint sua sponte without notice 'if the complaint "is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint"'") (citations omitted). We decline to affirm on this basis inasmuch as the trial court did not dismiss the complaint sua sponte and without notice but, rather, on the

Case No. 2024-L-087

defendants' motion. Nor would we establish the precedent that a complaint should be dismissed sua sponte and without notice simply because it is arguably subject to dismissal pursuant to Civil Rule 12. Rather, we find the following oft-quoted passage to be appropriate: "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Miller v. Lint*, 62 Ohio St.2d 209, 215 (1980); *CACV of Colorado, LLC v. Majkic*, 2007-Ohio-2890, ¶ 6 (9th Dist.) ("[i]n the end, a trial court must follow the Ohio Rules of Civil Procedure and its local rules" and "[t]he non-moving party must be given time to present its arguments, regardless of their merit") (citation omitted).

{¶15} The first three assignments of error are with merit.

{¶16} Given the disposition of the first three assignments, Yehudah's fourth assignment of error is rendered moot.

{¶17} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, dismissing Yehudah's wrongful death action is reversed and this matter is remanded for further proceedings consistent with this Opinion. Costs to be taxed against the appellees.


ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the judgment of the Lake County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with the opinion.

Costs to be taxed against appellees.

 

 

JUDGE SCOTT LYNCH

 

PRESIDING JUDGE ROBERT J. PATTON,
concurs

 

JUDGE MATT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-L-087