[Cite as *Stansberry v. Theetge*, 2025-Ohio-4650.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BRETT STANSBERRY, | : | APPEAL NO. C-240687 |
| | | TRIAL NO. A-2404246 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| TERESA THEETGE, | : | |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**
**Enter upon the journal of the court on 10/8/2025 per order of the court.**

**By:**_____
     **Administrative Judge**

[Cite as *Stansberry v. Theetge*, 2025-Ohio-4650.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


BRETT STANSBERRY,                  :          APPEAL NO.   C-240687
                                              TRIAL NO.    A-2404246
    Plaintiff-Appellant,      :

  vs.                            :

                                       *O P I N I O N*

TERESA THEETGE,                    :

    Defendant-Appellee.       :


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 8, 2025


*Brett Stansberry*, pro se,

*Emily Smart Woerner*, City Solicitor, *Katherine C. Baron*, Senior Assistant City Solicitor, and *Victoria Gooder*, Assistant City Solicitor, for Defendant-Appellee.

**ZAYAS, Presiding Judge.**

{¶1} Plaintiff-appellant Brett Stansberry appeals from the judgment of the Hamilton County Court of Common Pleas dismissing his complaint against defendant-appellee Teresa Theetge for failure to state a claim. For the reasons that follow, we affirm the judgment of the trial court.

## I. Background

{¶2} In September 2024, Stansberry filed an 832-page, hand-written complaint against Theetge, Chief of Cincinnati Police Department ("Chief Theetge"). The complaint sets forth a significant number of dates and detailed encounters wherein Stansberry felt harassed or stalked by individuals around him, which he appears to attribute to the Cincinnati police. Of note, Stansberry provided an address in Norwood, Ohio, in the complaint. Stansberry also provided this same address in a subsequent filing of certain "papers" on October 7, 2024.

{¶3} On October 18, 2024, Chief Theetge filed a motion to dismiss the complaint for failure to state a claim. The motion argued that the complaint lacked any factual allegations against Chief Theetge or anything connecting Stansberry's "plight" to Chief Theetge, and thus did not put Chief Theetge on notice of what "wrongdoing" Stansberry was claiming. Thus, the motion argued that the complaint was "wholly inadequate" under Civ.R. 8(A). Of note, the motion contained a certificate of service certifying that a true and accurate copy of the motion was served by U.S. mail that same day to Stansberry at the Norwood address provided by Stansberry in his previous filings.

{¶4} After receiving no response from Stansberry, the trial court granted the motion to dismiss on November 14, 2024. The trial court found that the complaint "merely provides unsupported conclusions and fails to state the causes of action and

theories for recovery," and "fails to advance any allegations against Defendant Chief Theetge, or even [a] plausible claim for relief." Stansberry now appeals.

## II. Analysis

**{¶5}** We review the dismissal of a complaint for failure to state a claim de novo. *Green v. Peters*, 2024-Ohio-6040, ¶ 6 (1st Dist.), citing *Zalvin v. Ayers*, 2020-Ohio-4021, ¶13 (1st Dist.).

**{¶6}** An exact assignment of error is indecipherable from Stansberry's appellate brief. Nevertheless, it is clear that Stansberry is challenging the trial court's dismissal of his complaint on the grounds that he failed to receive notice of the motion to dismiss. *See generally Fontain v. Sandhu*, 2021-Ohio-2750, ¶ 13 (1st Dist.) ("[W]e will entertain all cognizable arguments presented.").

**{¶7}** Stansberry—in essence—argues that the trial court erred in dismissing his complaint where the motion to dismiss was not properly served on him under Civ.R. 5. In response, Chief Theetge argues that a presumption of proper service arose where, as indicated in the certificate of service, the motion was served by U.S. mail to the address provide by Stansberry in his previous filings.

**{¶8}** Pursuant to Civ.R. 5(B)(2)(c), "[a] document is served under this rule by . . . [m]ailing it to the person's last known address by United States mail, in which event service is complete upon mailing."

> The served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identifying the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.

Civ.R. 5(B)(4).

**{¶9}** Where a party follows the Rules of Civil Procedure, a presumption of proper service arises. *E.g., Roberts v. Columbus City Police Impound Div.*, 2011-Ohio-2873, ¶ 11 (10th Dist.), citing *Reveille II, LLC v. Ion*, 2011-Ohio-1212, ¶ 9 (9th Dist.), and *Paasewe v. Wendy Thomas 5 Ltd.*, 2009-Ohio-6852, ¶ 22 (10th Dist.); *Wiltz v. Cleveland Clinic*, 2021-Ohio-62, ¶ 40 (8th Dist.), citing *Mitchell v. Babickas*, 2018-Ohio-383, ¶ 10 (8th Dist.); *Speigel v. Ianni*, 2023-Ohio-3809, ¶ 70 (1st Dist.), citing *Lacy v. State*, 2020-Ohio-3089, ¶ 88 (11th Dist.). However, "an opposing party can rebut the presumption with evidence proving that service was not accomplished." *Roberts* at ¶ 11, citing *In re Matter of Guardianship of Schnierle*, 2009-Ohio-1580, ¶ 51 (5th Dist.), and *Paasewe* at ¶ 22.

**{¶10}** Here, the certificate of service in the motion to dismiss certifies that the motion was served by ordinary U.S. mail on October 18, 2024, at the Norwood address provided by Stansberry in the complaint and his subsequent filing of certain "papers." The certificate of service was signed by the attorney for Chief Theetge. Such service was authorized under Civ.R. 5(B)(2)(c). Therefore, a presumption of proper service arose. Thereafter, there is nothing in the record to indicate that Stansberry challenged that service was proper or offered any evidence to show that service was not accomplished.

**{¶11}** Instead, Stansberry now asserts on appeal that he was never served with the motion. However, "'[u]nsworn statements, such as bare allegations in an appellate brief, do not constitute evidence and are not sufficient to rebut the presumption of proper service.'" *Paaswe* at ¶ 22, quoting *Poorman v. Ohio Adult Parole Auth.*, 2002-Ohio-1059 (4th Dist.); *accord, e.g., Lacy* at ¶ 95.

**{¶12}** Because the record is devoid of any evidence to rebut the presumption

of proper service, this court cannot hold that trial court erred in granting the motion to dismiss. *See Roberts*, 2011-Ohio-2873, at ¶ 12-13, 15 (10th Dist.).

### III. Conclusion

**{¶13}** For the foregoing reasons, we overrule the assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **NESTOR, JJ.,** concur.