[Cite as *Bank of Am. v. Telerico*, 2025-Ohio-5369.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| BANK OF AMERICA, A NATIONAL BANKING ASSOCIATION, AS SUCCESSOR IN INTEREST BY MERGER TO MERRILL LYNCH CREDIT CORPORATION, | CASE NO. 2025-P-0034 |
| | |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| LOUIS A. TELERICO, et al., | Trial Court No. 2011 CV 01105 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: December 1, 2025
Judgment: Affirmed

*Ann Marie Johnson* and *Angela D. Kirk*, MDK Legal, P.O. Box 165028, Columbus, OH 43216, and *Kevin A. Buryanek* and *James W. Sandy*, McGlinchey Stafford, P.L.L.C., 3401 Tuttle Road, Suite 200, Cleveland, OH 44122 (For Plaintiff-Appellee).

*Jason A. Whitacre*, Flynn Keith & Flynn, L.L.C., P.O. Box 762, 214 South Water Street, Kent, OH 44240 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Louis A. Telerico, appeals the judgment of the Portage County Court of Common Pleas, confirming the sale of property in foreclosure to plaintiff-appellee, Bank of America, N.A., and ordering the distribution of the proceeds. For the following reasons, we affirm the judgment of the court below.

### Procedural history

{¶2}    On August 23, 2011, Bank of America filed a Complaint for Foreclosure against, *inter alios*, Telerico.

{¶3}    On November 7, 2024, the trial court entered the order of foreclosure.

{¶4}    On January 27, 2025, the subject property was sold by the sheriff to Bank of America.

{¶5}    On April 29, 2025, Bank of America filed a Motion for Entry of Confirmation of Sale and Distribution of Proceeds.

{¶6}    On April 30, 2025, the trial court issued a Confirmation Entry of Sale and Distribution of Proceeds.

{¶7}    On May 30, 2025, Telerico filed a Notice of Appeal.

### Scope of Appeal and Standard of Review

{¶8}    The Supreme Court of Ohio has described the scope of appeal and standard of review relative to the confirmation of sale as follows:

> Foreclosure actions proceed in two stages, both of which end in a final, appealable judgment: the order of foreclosure and the confirmation of sale. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 39.  The order of foreclosure determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale. *Id.*; R.C. 2323.07.  On appeal, parties may challenge the court's decision to grant the decree of foreclosure. *Roznowski* at ¶ 39.  Once the foreclosure decree is final and upon completion of the appeals process, the rights and responsibilities of the parties under the foreclosure decree may no longer be challenged. *Id.*
>
> The confirmation of sale is an ancillary proceeding limited to whether the sheriff's sale conformed to law. *Id.* at ¶ 40.  If the trial court, after examining the proceedings, finds that the sale conformed with R.C. 2329.01 through 2329.61, inclusive, then the court enters an order confirming the sale and orders the dispersal of the proceeds.  R.C. 2329.31.  An appeal of the confirmation of sale is limited to challenging the confirmation order itself

and to issues related to confirmation proceedings—for example, computation of the final total amount owed by the mortgagor, accrued interest, and amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. *Roznowski* at ¶ 40. The trial court's decision to confirm a sheriff's sale of property will not be reversed absent an abuse of discretion. *Ohio Savs. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990).

*Farmers State Bank v. Sponaugle*, 2019-Ohio-2518, ¶ 18-19.

### *Assignment of Error*

{¶9} On appeal, Telerico raises the following assignment of error: "The trial court erred in granting plaintiff-appellee's motion to confirm sale because defendant was not given an opportunity to respond, and because plaintiff-appellee did not serve the motion on defendant."

{¶10} Telerico argues that the trial court erred in confirming the sheriff's sale where Bank of America failed to serve the motion to confirm on his attorney of record, as required by Civ.R. 5 and Civ.R. 11, and without giving him an opportunity to respond to the motion as required under Civ.R. 6(C)(1).

### *Civil Rules Governing Motion Practice*

{¶11} The Civil Rules require that "every written motion … shall be served upon each of the parties" and "shall be signed … by at least one attorney of record." Civ.R. 5(A) and 11. Motions may be served by sending them to an email address. Civ.R. 5(B)(2)(f). "The served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11." Civ.R. 5(B)(4). "Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." *Id.*

Case No. 2025-P-0034

{¶12} "Where a party follows the Rules of Civil Procedure, a presumption of proper service arises." *Stansberry v. Theetge*, 2025-Ohio-4650, ¶ 9 (1st Dist.); *Lacy v. State*, 2020-Ohio-3089, ¶ 87 (11th Dist.) ("[a] presumption of proper service exists when the record reflects that the civil rules pertaining to service of process have been followed"). "However, 'an opposing party can rebut the presumption with evidence proving that service was not accomplished.'" (Citation omitted.) *Stansberry* at ¶ 9.

{¶13} "Responses to a written motion … may be served within fourteen days after service of the motion." Civ.R. 6(C)(1). It is generally recognized that "[t]o rule on motions prior to the expiration of the deadlines constitutes a denial of due process/the opportunity to respond." (Citation omitted.) *Yehudah v. Gallagher*, 2025-Ohio-1600, ¶ 11 (11th Dist.).

***Presumption of Proper Service***

{¶14} The motion for confirmation of sale at issue herein contains a Certificate of Service which provides: "The undersigned hereby certify that a copy of the foregoing Motion for Entry of Confirmation of Sale and Distribution of Proceeds was sent upon the following parties by … electronic mail (e-mail) on the date indicated below: … Jason A. Whitacre and Christopher J. Niekamp, Attorneys for Louis A. Telerico, jwhitacre@flynnkeithlaw.com, cniekamp@bdblaw.com." The Certificate is signed and dated April 28, 2025.

{¶15} Telerico does not claim that any defect exists in the form of the Certificate of Service. Rather, he claims that "Counsel for Telerico was not served with the Motion for Confirmation of Sale until the afternoon of May 6, 2025, which is a week after it was originally filed [April 29]." Brief of Defendant-Appellant at 5.

{¶16} Because the Certificate of Service complied with the Civil Rules a presumption of proper service exists. Because the trial court issued its Confirmation Entry of Sale and Distribution of Proceeds on April 30, a day after the motion was filed, Telerico was deprived of the opportunity to rebut the presumption of proper service.

### *Any Error in the Confirmation of Sale is Harmless*

{¶17} Assuming, *arguendo*, that service of the motion for confirmation was not proper, any error in the failure to serve it upon Telerico was harmless.

{¶18} "[N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground … for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." Civ.R. 61. "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *Id.*

{¶19} The failure of service of a motion or other filing has been found harmless when the complaining party fails to demonstrate prejudice resulting therefrom. *State v. Wombold*, 2005-Ohio-601, ¶ 8 (2d Dist.) ("even if [the memorandum] was not served upon Wombold, Wombold has not demonstrated any resulting prejudice"); *Grenga v. Smith*, 2002-Ohio-1179, ¶ 61 (11th Dist.) ("any error which may have occurred from the failure to serve the remaining appellees with Eugene Smith's motion for summary judgment was harmless because appellants have not shown that they suffered prejudice as a result of these events"). Likewise, ruling on a motion before the time for responding has passed may also be deemed harmless in the absence of prejudice. *Wright-Patt Credit Union v.*

*Nunley*, 2024-Ohio-2340, ¶ 13 (10th Dist.) ("under certain circumstances, a trial court's premature ruling on a motion may be harmless error").

{¶20} In the present case, Bank of America's motion for confirmation simply asked the trial court to perform an act that the court was already under an obligation to perform: "Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with [the pertinent sections of the Revised Code], it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale." R.C. 2329.31(A).[1]

{¶21} Here, the subject property was sold on January 27, 2025. The officer making the sale filed the return on January 29. According to the statute, the trial court was required ("shall") to confirm the sale by February 28. Bank of America's motion for confirmation was essentially a prompt to the court to perform its obligation to confirm the sale. The court's confirmation of sale, issued a day after Bank of America's motion was filed, does not acknowledge the motion in any way.

{¶22} The entire substance of Bank of America's motion was as follows:

> Plaintiff, Bank of America, N.A. ("Plaintiff"), moves this Court for an Entry of Confirmation of Sale and Distribution of Proceeds in regards to the above captioned case.

---

1. We note that, at oral argument, counsel for Telerico referred to the plaintiff's duty under local rules to prepare and serve a confirmation entry within seven days after the date of sale. Portage C.P., Gen.Div., Loc.R. 39.2 ("[f]ailure to prepare the confirmation entry and present it to the judge within the time limits may result in sanctions being imposed"). This court has previously held, specifically with respect to Loc.R. 39, that "a trial court's noncompliance with its local rules does not constitute reversible error." *Fifth Third Bank, Natl. Assn. v. Audia*, 2024-Ohio-3374, ¶ 45 (11th Dist.).

Case No. 2025-P-0034

The Property was sold by the Sheriff on January 27, 2025 to Bank of America, N.A. ("Purchaser") for the following amount: **$3,666,667.00**.

{¶23} There is nothing in Bank of America's motion for confirmation that Telerico could challenge that was not in the Confirmation Entry of Sale and Distribution of Proceeds presently under consideration on appeal. The only substantive information in the motion – the date and amount of sale – are consistent with the sheriff's return. Moreover, as noted above, "[a]n appeal of the confirmation of sale is limited to challenging the confirmation order itself and to issues related to confirmation proceedings—for example, computation of the final total amount owed by the mortgagor, accrued interest, and amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance." *Farmers State Bank*, 2019-Ohio-2518, at ¶ 19.

{¶24} The only prejudice suggested by Telerico is that he was deprived of the opportunity to respond to Bank of America's motion (a result of the time of the trial court's ruling rather than the purported failure to serve the motion). As explained above, however, there was nothing in the motion to respond to that could not be challenged on appeal. Under these circumstances, any procedural deficiencies in the underlying proceedings were not inconsistent with substantial justice nor detrimental to Telerico's substantial rights.

{¶25} We note that Telerico makes the claim that, "[w]hen a party fail[s] to make service of a motion, Ohio courts of appeals vacate the order granting the motion as void." Brief of Defendant-Appellant at 5. Telerico cites no authority for this proposition which we find contrary to settled law. "'It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely

Case No. 2025-P-0034

renders the judgment voidable.'" (Citations omitted.) *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12. Stated otherwise: "'Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, "… the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred …"'" (Citations omitted.) *Id.*

{¶26} The sole assignment of error is without merit.

{¶27} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, confirming the sale of property in foreclosure and ordering the distribution of the proceeds, is affirmed. Costs to be taxed against the appellant.

ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-P-0034

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit.  The order of this court is that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH


_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0034